**FILED**

**JAN 2 3 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MR. SAM L. CLEMMONS<br>548 SAINT CHARLES PL<br>BROOKHAVEN, MS 39601<br>1-866-409-7758<br><br>v<br><br>Tonya R. Powell, Defendant<br>1324 N. 28th Street<br>Milwaukee, WI 53208<br>414-933-2665 | CIVIL ACTION NO:<br><br>_____<br><br>CASE NUMBER  1:06CV00123<br>JUDGE: Royce C. Lamberth<br>DECK TYPE: FOIA/Privacy Act<br>DATE STAMP: 01/23/2006 |

**JURY ACTION**

Comes Samuel L. Clemmons, Jr. file this civil complaint in District Court for the District of Columbia against such defendant whom is a non-resident of the District of Columbia but is a resident of State of Wisconsin to be alleged in violation of federal, state and local laws in obstruction of justice in providing a federal agent from the Department of Justice fraudulent information in an ordered federal investigation concerning the plaintiff's character and background concerning national security matters or issues. See Case Law and related cases: <u>Lucia</u>, 36 F.3d at 174(quoting <u>Serabian</u>, 24 F.3d at 361; see also <u>North Central F.S., Inc.</u>, 951 F. Supp. at 1408 (quoting <u>DeWit</u>, 879 F.Supp. at 989-90, in turn quoting <u>Lucia</u>, 36 F.3d at 174). <u>Jones Distributing Co., Inc. V. White Consol. Indus.</u>, 943 F. Supp. 1445, 1470 (N.D. Iowa 1996)(citing <u>Robinson v. Perpetual Servs. Corp.</u>, 412 N.W.2d 562, 565 (Iowa 1987) in turn citing <u>Hagarty v. Dysart-Geneseo Community Sch. Dist.</u>, 282

1

1  N.W.2d 92, 95 (Iowa 1979), and Grefe v. Ross, 231 N.W.2d 863,
2  867 (Iowa 1975)) see Fed. Rules Civ.Proc. Rule 17, 28 USCA and
3  complete understanding of Federal Regulation **111 ALR, Fed. 295**
4  **and statue 18 U.S.C.A § 1001(2)(34).**
5
6
7      Before I address my case and complaint to the courts, I
8  would like to add an in-depth passage to the defendant so that
9  the defendant will have a full but fair understanding of my
10 actions here today in filing this complaint before a judge or
11 courts to hear and rule on my submission to the courts.
12
13     I express to the defendant or defendants that ignorance of
14 the law are no excuses, it is one of the most familiar phrases
15 in any branch of jurisprudence. It is not entirely without
16 exception, although some exceptions are rare. What one has
17 intended to do results in their own passage and interruptions of
18 the law? In other words, what I'm saying to the defendant that
19 every person is presumed to know the law; in order to understand
20 either the rule itself, or the exceptions thereto, it is
21 necessary to know in this case matter what is the words
22 "presumed" and "presumption" and they are used in three
23 different senses in the law. One of the senses is to signify a
24 mere inference of fact. The second one is a true presumption,
25 which is a rule of law which calls for certain results unless

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin

1  the party or defendant adversely affected comes forward with
2  evidence to overcome the complaint filed against such defendant.
3  This (although it is the true presumption) often is referred to
4  as a "*prima facie presumption*" to distinguish it from the so
5  called "conclusive presumption" which is a legal device in the
6  form of a what they call a postulate used for the determination
7  of a particular case whether it represents the actual facts or
8  not. Which bring about the rule of evidence when a typical
9  example is the conclusive presumption of delivery by all parties
10 or defendants to a negotiable instrument which has reached the
11 hands of a holder such as the plaintiff in due course, the net
12 result of this "conclusive presumption" is that such a plaintiff
13 as myself in due course can enforced the instrument such as a
14 complaint such as I am doing as effectively against the
15 defendant who did not deliver proof to support his or her
16 slanderous, derogatory comments and crimes to intentionally to
17 cause harm and hurt upon the plaintiff.
18
19     If "everyone is presumed to know the law" in this sense, it
20 means that a particular case will be disposed of exactly as if
21 the defendant actually did know the law whether such is the fact
22 or not. And this is exactly the sense in which this word should
23 be used in evaluation of the facts in this case before the judge
24 and the courts today. It is known this is the sense in which it
25

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin

is used in all cases in which "ignorance of the law is no excuse." There are some rare and exceptional cases in which ignorance of the law is recognized as an excuse in some criminal cases the presumption is rebuttal able, but in this case before the court we have a very knowledgeable defendant, who is of age to know right from wrong. We have someone who is very capable of thinking things through before committing a wrongful act or committing a crime and someone who will take responsibility for their actions.

So I say to the defendant. If these allegations are true, I have children of my own and I must inform you and the courts…that this type of behavior is learned or taught by someone or retained through some source somewhere. I say to you that I would never teach or inform my children to do what you have done to me and advise them to do it to others. This type of behavior has no justification. Be accountable for your actions and reply back to the courts with the truth.

They say, "The truth shall always set you free"; "Giving false testimony will always come back to capture you". No matter how hard it is for someone to tell the truth. You must tell it if you ever want to be free. To the defendant, I must say again…

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin

you're caught up in this because your false testimonies and submissions have come back to capture you.

With that said, the plaintiff files this complaint stating that it is believe, but not confirmed that Tonya R. Powell intentionally committed a felony crime in providing false information to a federal agent upon an agent revealing his identity and clearly advising and informing the defendant of the purpose of the federal agent's interview while a national security investigation was being conducted on the plaintiff under the United States Title Code, Title 5, USC, Section 552a, Exemption (j)(2) of the Privacy Act and Title 5, USC Section 552, Exemption (b)(7)(A), (b)(2), (b)(6) and (b)(7)(c) and U.S. Executive Order 10450, 10865, 12333, and 12356; section 3301 and 9101 of title 5, U.S. Code; section 2165 and 2201 of title 42, U.S. Code; section 781 to 887 of title 50, U.S. Code 401a(4)(3)(d) and part 5, 732  736 of Title 5. **See case law and related case of:** Serabian v. Amoskeag Bank Shares, Inc., 24 F. 3d 357, 361 (1st Cir. 1994)); also see North Central F.S., Inc., 951 F. Supp. at 1408 (quoting DeWit, 879 F. Supp. at 989-90, in turn quoting Lucia, 36 F.3d at 174).

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin

It is believe, but not confirmed that the defendant intentionally committed these acts of malicious slander and deformation of character and other crimes with a criminal motive and intent to destroy the plaintiff's character and career. (**See statue and related cases according to:** U.C.A. 1953, 76-6-405, 76-6-1102 and *State v. Ross*, 951 P.2d 236, 241 (Utah Ct. App. 1997)

If such is confirmed through this court, let the facts be known and confirmed that the defendant wrongfully, willfully, deliberately, maliciously, and intentionally gave fraudulent information to a federal investigator with an attempt to seek wrongful revenge to destroy the plaintiff's character, background and career. The defendant should have no reasons to defend against such court's summary judgment after the courts have examined the facts.

If such false information is true in the federal investigation and the plaintiff proves it's not true, the courts should consider the information provided to the federal investigator is a crime under the federal, state and local jurisdiction and is punishable upon releasing of the facts by the federal government and after the court review and finding.

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin

The plaintiff is filing this relief in the District Court for the District of Columbia seeking full recovery against such damages and wishes the District Court of Columbia to place a summary judgment and a permanent gag order against the defendant in the amount of **$250,000.00** (two hundred and fifty thousand dollars) for punitive damages if such alleged intentional allegations are confirmed to be truthful in this court of law.

In results of the defendant being a citizen of another state and such other states may not have jurisdiction over this federal matter of law. The plaintiff is requesting this court to force an order on the defendant to attend ethics classes and professional counseling to prevent further pathology actions as the defendant has proven abilities of committing these acts from pervious justice inquiries.

The plaintiff is in need of a permanent gag order to prevent the defendant from disruption the good name of the plaintiff ever again while living in the State of Wisconsin and aboard and to permanently prevent the defendant from intervening in any business matters of the plaintiff ever again, if such alleged allegations are confirmed to be true by the courts that the defendant made such false testimonies in this federal investigation.

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin

If these allegations in this federal investigation report are confirmed as truthful, let it be known that there are serious issues within the defendant.

In additional to these alleged intentional acts, it is known that the defendant also has a record in the State of Wisconsin for submitting and providing false information to others and submitting false information to the State of Wisconsin's Court Systems and avoiding justice from the State of Mississippi's Court System. These records (both courts and the federal records) should confirm to the District Court of Columbia that such information submit in the federal investigation could be possibly true and that the defendant is a known pathological liar, in need of professional mental counseling provided by the State of Wisconsin.

The defendant is not an employee of the federal government therefore, such violation of the United States Code 5 U.S.C. § 2302(b) (8) which alleges and set forth a violation of the prohibited personnel practice policy by federal government employees does not apply, but these actions in the State of Wisconsin should apply and the District Court of Columbia should have jurisdiction to place a summary judgment and enter an order against the defendant if these allegation are confirmed

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin

truthful. Because these were federal crimes and violation under a national security investigation conducted by a federal agency in the District of Columbia giving jurisdiction to the court to grant such orders requested and place such judgment on the defendant.

It is true and known that plaintiff discovered these false allegations in a United States Government "federal" investigation document dated June of the year of 2000 that was finally and officially released to the plaintiff for review on August 5, 2005. Which shows this action is filed within the proper time for damage recovery according to the Freedom of Information Act § 5 U.S.C.A. § 552 and statue of limitations.

The plaintiff wishes to maintain and reserve rights to sell story to the public if necessary.

In defense by the plaintiff, upon a motion to enter discovery, the plaintiff will provide the court with facts against the alleged defendant's statements to show there is an intentional act committed by the defendant or the federal agent, even when the burden of proof does not exit within the boundaries of the plaintiff. Facts will be presented to the court at the time of certified express mail delivery with a

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin

tracking # **EQ 241268389 US** has been confirmed and delivered to the defendant. The District Court of Columbia will received such defendant's testimony and facts provided by the plaintiff for the court to confirm the defendant's testimony. The District Court's Express mail tracking number will be **EQ 241268273 US**.

Since the burden of proof will fall on the defendant, the plaintiff wishes the defendant to provide the court with all fact documents to support defendant's statements made to the federal agent in the defendant's federal investigation testimony.

If such proof can be provided upon a court's order to enter discovery the plaintiff will drop this complaint out right and request this matter to be dismissed.

The plaintiff will mail the defendant a copy of the federal investigation report concerning the defendant's testimony alone with this complaint for clarity and to be submitted proof upon submission to enter discovery.

If this civil action cannot be settled out of court, the plaintiff is asking for a civil trial before his peers (jury trail) or a bench trail which ever is agreeable upon by the

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin

1  defendant to reveal all the issues along with the **FACTS** set
2  forth in this case for a jury or a judge to rule base on the
3  issues and facts provided and to interpret the usage and
4  understanding of the word **"never"** which such word meaning
5  according to Webster's Dictionary is "at no time; not ever" to
6  be used in this compliant to judge if such testimony by the
7  defendant is truthful as of this date the compliant is filed and
8  logged into the District Court for the District of Columbia.
9
10
11      All attempts to resolve this complaint have been exhausted;
12  the burden of the proof now lies on the defendant to prove *all*
13  *issues* and comments to be truthful on the record.
14
15      In closing, the plaintiff wishes to add when considering a
16  motion for summary judgment, it is known that the court must
17  examine all evidence in the light most favorable to the
18  plaintiff (nonmoving party). The plaintiff would advised the
19  defendant to consider case laws <u>Langley v. Adams County</u>,
20  Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving
21  party (the defendant) bears the burden of proof at trail is
22  entitled to summary judgment only when the evidence indicates
23  that no genuine issue of material fact exists.
24  Fed.R.Civ.P.56(c); See case law: <u>Anthony v. United States</u>, 987
25  F.2d 670, 672 (10th Cir.1993). If the moving party (the defendant)

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin

does not bear the burden of proof at trail, it must show "that there is an absence of evidence to support the nonmoving party's (the plaintiff) case". In this case the nonmoving party (the plaintiff) has expressed evidence to support the plaintiff's claim; therefore, case law to consider: <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter.

The defendant has sustained no loss in this action, nor did the plaintiff cause any hurt or harm to the defendant, the defendant caused this action or judgment upon self. Now the defendant has to prove these allegations by the federal agents are **not** truthful. The defendant should have 30 days to submit to the plaintiff and the courts documents to support the defendant's comments in this federal investigation to have this matter before the court dismissed.

*They say in the end …Good will always triumph over Bad….*
End of Complaint:

*[signature]*
Sam L. Clemmons
C/o Mrs. Mary L. Lee, Paralegal
P.O. Box 28558
Atlanta, GA 30358

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin

CC: www.usps.com for tracking purposes

Tonya R. Powell;
   **Express Mail #: EQ 241268389 US**
The Rev. & Dr. Walter Henderson III; Defendant's Pastor
   **Express Mail #: EQ 241268300 US**
Law Office of Leeds, Morelli & Brown;
   **Express Mail #: EQ 242463319 US**
The Rainbow Push Collation
   **Express Mail #: EQ 242463296 US**
The NAACP Chapter for the District of Columbia
   **Express Mail #: EQ 242463305 US**
Mary L. Lee, Paralegal;
   **Certified Mail #: 7005 0390 0002 2211 2585**
George Tillman, Paralegal
   **Express Mail #: EQ 241268295 US**
United State District Court of the District of Columbia;
   **Express Mail #: EQ 241268273 US**
Records

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin

**American Law Reports ALR Federal**
The ALR databases are made current by the weekly addition of relevant new cases.

Giving false information to federal department or agency as violation of 18 U.S.C.A. § 1001, making it criminal offense to make false statements in any matter under jurisdiction of department or agency of United States

Beth Bates Holliday, J.D.

The broad range of conduct potentially proscribed by 18 U.S.C.A. § 1001, coupled with Congress' limited guidance as to specific behavior within the statute's scope, has provided ample opportunity for arguments that a particular defendant's act or failure to act was not prohibited by § 1001 or, as in United States v Salas-Camacho (1988, CA9 Cal) 859 F2d 788, 111 ALR Fed 779, that the proscribed conduct should be considered a single act of falsification supporting only a single conviction, rather than separate falsifications supporting multiple § 1001 convictions. Cases determining whether the acts or nonfeasance charged violated § 1001 have been collected and analyzed in this annotation.

TABLE OF CONTENTS

> Article Outline
> Index
> Statutory Text
> Table of Cases, Laws, and Rules
> Research References

ARTICLE OUTLINE

§ 1[a] Introduction--Scope

§ 1[b] Introduction--Related annotations

§ 2. Background and summary

§ 3[a] Statements relating to criminal matters other than criminal tax evasion--commission of offense--Held to violate 18 U.S.C.A. § 1001

§ 3[b] Statements relating to criminal matters other than criminal tax evasion--commission of offense--Held not to violate 18 U.S.C.A. § 1001

§ 4[a] Identity of person involved in criminal proceeding--Held to violate 18 U.S.C.A. § 1001

§ 4[b] Identity of person involved in criminal proceeding--Held not to violate 18 U.S.C.A. § 1001

§ 5[a] Resolution of pretrial procedural issue--Held to violate 18 U.S.C.A. § 1001

§ 5[b] Resolution of pretrial procedural issue--Held not to violate 18 U.S.C.A. § 1001

§ 6[a] Prior criminal record--Held to violate 18 U.S.C.A. § 1001

§ 6[b] Prior criminal record--Held not to violate 18 U.S.C.A. § 1001

§ 7[a] Bail--Held to violate 18 U.S.C.A. § 1001

06 0123

FILED
JAN 2 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

§ 23.5. Statements relating to copyright

§ 24[a] Statements relating to identification of individual, other than individual appearing in criminal proceeding--Held to violate 18 U.S.C.A. § 1001

§ 24[b] Statements relating to identification of individual, other than individual appearing in criminal proceeding--Held not to violate 18 U.S.C.A. § 1001

§ 25[a] Statements relating to military matters or national defense--Held to violate 18 U.S.C.A. § 1001

§ 25[b] Statements relating to military matters or national defense--Held not to violate 18 U.S.C.A. § 1001

§ 26. Statements relating to purchase of surplus government property

§ 27. Statements relating to quality, usage, or possession of federally regulated consumer goods

§ 28. Statements relating to interstate shipment of goods

§ 29[a] Statements relating to goods being brought into, or going out of, country--Held to violate 18 U.S.C.A. § 1001

§ 29[b] Statements relating to goods being brought into, or going out of, country--Held not to violate 18 U.S.C.A. § 1001

§ 30[a] Statements relating to amount of money individual has when crossing United States border--Held to violate 18 U.S.C.A. § 1001

§ 30[b] Statements relating to amount of money individual has when crossing United States border--Held not to violate 18 U.S.C.A. § 1001

§ 31[a] Statements relating to immigration and naturalization matters--Held to violate 18 U.S.C.A. § 1001

§ 31[b] Statements relating to immigration and naturalization matters--Held not to violate 18 U.S.C.A. § 1001

§ 32[a] Statements relating to assets held outside United States--Held to violate 18 U.S.C.A. § 1001

§ 32[b] Statements relating to assets held outside United States--Held not to violate 18 U.S.C.A. § 1001

§ 33. Statements relating to compliance with environmental protection regulations

§ 34. Other statements

§ 35. Constitutionality