CASE NUMBER: 1:06CV00123
JUDGE: ROYCE C. LAMBERTH
DECK TYPE: FOIA / PRIVACY
    ACT
DATE STAMP: 01/23/2006

# The following attached pages should be added to the pervious submission these page(s) has been edited

RECEIVED

APR 1 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1  *N.W.2d 92, 95 (Iowa 1979), and Grefe v. Ross, 231 N.W.2d 863,*

2  *867 (Iowa 1975))* see Fed. Rules Civ.Proc. Rule 17, 28 USCA and

3  complete understanding of Federal Regulation **111 ALR, Fed. 295**

4  **and statue 18 U.S.C.A § 1001(2)(34)**.

5

6      Before the plaintiff address the case and complaint to the

7  courts, the plaintiff would like to add an in-depth passage to

8  the defendant so that the defendant will have a full but fair

9  understanding of the plaintiff's actions here today in filing

10  this complaint before a judge or courts to hear and rule on the

11

12  plaintiff's submission to the courts.

13

14      The plaintiff express to the defendant or defendants that

15  ignorance of the law are no excuses, it is one of the most

16  familiar phrases in any branch of jurisprudence. It is not

17  entirely without exception, although some exceptions are rare.

18  What one has intended to do results in their own passage and

19  interruptions of the law? In other words, what the plaintiff is

20  saying to the defendant that every person is presumed to know

21  the law; in order to understand either the rule itself, or the

22  exceptions thereto, it is necessary to know in this case matter

23  what is the words "presumed" and "presumption" and they are used

24  in three different senses in the law. One of the senses is to

25  signify a mere inference of fact. The second one is a true

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin, 1324 N. 28th

Street, Milwaukee, WI 53208

1   presumption, which is a rule of law which calls for certain

2   results unless the party or defendant adversely affected comes

3   forward with <u>evidence</u> to overcome the complaint filed against

4   such defendant. This (although it is the true presumption) often

5   is referred to as a "*prima facie presumption*" to distinguish it

6   from the so called "conclusive presumption" which is a legal

7   device in the form of a what they call a postulate used for the

8   determination of a particular case whether it represents the

9   actual facts or not. Which bring about the rule of evidence when

10  a typical example is the conclusive presumption of delivery by

11  all parties or defendants to a negotiable instrument which has

12  reached the hands of a holder such as the plaintiff in due

13  course, the net result of this "conclusive presumption" is that

14  such a plaintiff as myself in due course can enforced the

15  instrument such as a complaint such as I am doing as effectively

16  against the defendant who did not deliver proof to support his

17  or her slanderous, derogatory comments and crimes to

18  intentionally to cause harm and hurt upon the plaintiff.

19

20

21      If "everyone is presumed to know the law" in this sense, it

22  means that a particular case will be disposed of exactly as if

23  the defendant actually did know the law whether such is the fact

24  or not. And this is exactly the sense in which this word should

25  be used in evaluation of the facts in this case before the judge

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin, 1324 N. 28th

Street, Milwaukee, WI 53208

4

and the courts today. It is known this is the sense in which it is used in all cases in which "ignorance of the law is no excuse." There are some rare and exceptional cases in which ignorance of the law is recognized as an excuse in some criminal cases the presumption is rebuttal able, but in this case before the court we have a very knowledgeable defendant, who is of age to know right from wrong. We have someone who is very capable of thinking things through before committing a wrongful act or committing a crime and someone who will take responsibility for their actions.

So the plaintiff say to the defendant, if these allegations are true, the plaintiff would like the defendant to know that the plaintiff have children of his own and the plaintiff must inform the defendant and the courts…that this type of behavior is learned or taught by someone or retained through some source somewhere. The plaintiff says to the defendant that he would never teach or inform his children to do what the defendant have done to him and advise his children to do it to others. This type of behavior has no justification. Be accountable and take responsibility for your actions and reply back to the courts with the truth.

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin, 1324 N. 28th Street, Milwaukee, WI 53208

They say, "The truth shall always set you free"; "Giving false testimony will always come back to capture you". No matter how hard it is for someone to tell the truth. You must tell it if you ever want to be free. To the defendant, the plaintiff says again… you're caught up in this because of your false testimonies and your submissions they have all come back to capture you. If you can't say anything good about a person, it's best not to say anything at all. If you choose to say something bad about a person make sure you have the evidence to support your statements, because if you don't have the evidence to support your statements and the other person does…it's a crime to say things about someone that are not true, especially under a federal investigation such as this one see statue 18 U.S.C.A. § 1001.

Take this as a lesson learn and now you (the defendant) must pay for that lesson to prevent further mistakes such as this one, because nothing in this world is free and everyone must pay for their mistakes, the plaintiff can't sit here and pay for the defendant's mistakes of giving false statements under a federal investigation where a federal agent is seeking the truth.

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin, 1324 N. 28th Street, Milwaukee, WI 53208

1    With that said, the plaintiff files this complaint stating

2  that it is believe, but not confirmed that Tonya R. Powell

3  intentionally committed a felony crime in providing false

4  information to a federal agent upon an agent revealing his

5  identity and clearly advising and informing the defendant of the

6  purpose of the federal agent's interview while a national

7  security investigation was being conducted on the plaintiff

8  under the United States Title Code, Title 5, USC, Section 552a,

9  Exemption (j)(2) of the Privacy Act and Title 5, USC Section

10 552, Exemption (b)(7)(A), (b)(2), (b)(6) and (b)(7)(c) and U.S.

11 Executive Order 10450, 10865, 12333, and 12356; section 3301 and

12 9101 of title 5, U.S. Code; section 2165 and 2201 of title 42,

13 U.S. Code; section 781 to 887 of title 50, U.S. Code 401a(4)

14 (3)(d) and part 5, 732  736 of Title 5. *See case law and related*

15 *case of:* *Serabian v. Amoskeag Bank Shares, Inc., 24 F. 3d 357,*

16 *361 (1st Cir. 1994))*; also see *North Central F.S., Inc., 951 F.*

17 *Supp. at 1408* (quoting *DeWit, 879 F. Supp. at 989-90*, in turn

18 quoting *Lucia, 36 F.3d at 174*).

19

20    It is believe, but not confirmed that the defendant

21 intentionally committed these acts of malicious slander and

22 deformation of character and other crimes with a criminal motive

23 and intent to destroy the plaintiff's character and career. (*See*

24 *statue and related cases according to:* U.C.A. 1953, 76-6-405,

25 Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin, 1324 N. 28th

Street, Milwaukee, WI 53208

76-6-1102 and *State v. Ross,* 951 P.2d 236, 241 (Utah Ct. App.

1997)


If such is confirmed through this court, let the facts be

known and confirmed that the defendant wrongfully, willfully,

deliberately, maliciously, and intentionally gave fraudulent

information to a federal investigator with an attempt to seek

wrongful revenge to destroy the plaintiff's character,

background and career. The defendant should have no reasons to

defend against such court's summary judgment after the courts

have examined the facts.


If such false information is true in the federal

investigation and the plaintiff proves it to be false, the

courts should consider the information provided to the federal

investigator is a crime under the federal, state and local

jurisdiction and is punishable upon releasing of the facts by

the federal government and after the court review the facts.


The plaintiff is filing this relief in the District Court

for the District of Columbia seeking full recovery against such

damages and wishes the District Court for the District of

Columbia to place a summary judgment and a permanent gag order

against the defendant in the amount of **$250,000.00** (two hundred

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin, 1324 N. 28th

Street, Milwaukee, WI 53208

and fifty thousand dollars) for punitive damages if such alleged

intentional allegations are confirmed to be truthful in this

court of law.


In results of the defendant being a citizen of another

state and such other states may not have jurisdiction over this

federal matter of law. The plaintiff is requesting this court to

force an order on the defendant to attend ethics classes and

professional counseling to prevent further pathology actions as

the defendant has proven abilities of committing these acts from

pervious justice inquiries.


The plaintiff is in need of a permanent gag order to

prevent the defendant from disruption the good name of the

plaintiff ever again while living in the State of Wisconsin and

aboard and to permanently prevent the defendant from intervening

in any business matters of the plaintiff ever again, if such

alleged allegations are confirmed to be true by the courts that

the defendant made such false testimonies in this federal

investigation.


If these allegations in this federal investigation report

are confirmed as truthful, let it be known that there are

serious issues within the defendant.

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin, 1324 N. 28th

Street, Milwaukee, WI 53208

In additional to these alleged intentional acts, it is known that the defendant also has a record in the State of Wisconsin for submitting and providing false information to others and submitting false information to the State of Wisconsin's Court Systems and avoiding justice from the State of Mississippi's Court System.  These records (both courts and the federal records) should confirm to the District Court of Columbia that such information submit in the federal investigation could be possibly true and that the defendant is a known pathological liar, in need of professional mental counseling provided by the State of Wisconsin.

To prove the plaintiff's points in this complaint the plaintiff is requesting the following from the defendant to validate this lawsuit have merit. They are:

## APPENDIX I (EVIDENCE REQUEST)

1. The plaintiff is requesting the defendant to provide to the courts evidence through statements from creditable sources to confirm the defendant's statements that the defendant knew the plaintiff from the late 1970s to the present date as confirmed in the federal investigation report as stated by the defendant.

2. The plaintiff is requesting from the defendant to provide the courts with any receipts, which the defendant should **not** have since the defendant stated **never** receiving

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin, 1324 N. 28th Street, Milwaukee, WI 53208

anything from the plaintiff, but the plaintiff have many receipts to provide the courts. Provide the courts with orders of any forms or any means of accepting payments, payments denied or refused, furniture, benefits, etc. received from the plaintiff to justify the defendant's statements that the defendant has **never** received anything from the plaintiff.

3. The plaintiff is asking the defendant to provide to the courts to justify the defendant's statements made that the defendant met the plaintiff when the plaintiff was attending middle school in Brookhaven, Mississippi. When the plaintiff was not living or attending school in Brookhaven, Mississippi during such period of time to justify or warrant the defendant's ongoing testimony.

4. The plaintiff is requesting the defendant to justify the testimony that the defendant's stated that "They had close daily contact, then, (as if no separation existed at all during these periods of time from the summer of 1990 to 07/15/93) when the defendant voluntarily left the plaintiff". The defendant should have in her procession some sort of military documents filed by the defendant requesting to leave, separate, divorce or depart from the plaintiff's military command post. Please provide these documents to the courts to support the defendant's statements.

5. The plaintiff is asking the defendant to provide to the courts with documents such as ownership of property to justify the defendant's statements to the courts that "you" (the defendant) at the time of this federal investigation will show that the defendant was living with the defendant's aunt (Phyllis Thadison) and grandmother (Hazel Thadison) at the defendant's current

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin, 1324 N. 28th

Street, Milwaukee, WI 53208

address then and now. This is located at 1324 North 28th
Street, Milwaukee, WI 53208. This is the same address
where the defendant will receive this complaint and
summon to reply back to the courts with defendant's
evidences to support the defendant's truthful statements
submitted under this federal national security
investigation?

6. Provide the court with the proof that you (the defendant)
last spoke with the plaintiff in person when the
plaintiff visited the children in late 1998. The
plaintiff wishes to refresh the defendant's memory,
during this period of time the plaintiff was living in
the Chicago Metropolitan area for two years. The
plaintiff worked from time to time in the City of
Milwaukee, and Green Bay Wisconsin, and was not allowed
to see the children even upon giving the children funds
for support. At the time of this investigation, the
defendant was married to a known abusive husband by the
name of **Shannon Free (age 21 years old)** (Committing a
*Crime of Bigamy*). The defendant failed to inform the
investigator to add this to the federal investigation
report and failed to provide claimed adoption papers to
the investigator as claimed by the defendant during this
period of time. The plaintiff addresses to the courts
that the plaintiff will assist the defendant, the justice
department, and any other agencies in providing everyone
with copies of checks from the plaintiff's bank made out
to the children at question in this testimony. They were
mailed to the same address at question in this
investigation report. Check # 992351 and others will be
submitted as proof and evidence against the defendant's
testimonies along with other copies of support paid to

the defendant as confirmed by the Internal Revenue
Service that the plaintiff paid support in the year of
1994 and 1995 totaling $13, 396.89 (+).

7. The defendant needs to provide the courts with certified
court papers to justify the defendant's testimonies that
the Court of Milwaukee, Wisconsin ordered the defendant
to retrieve from the courts in the State of Mississippi.
Proof is exposed in these documents to justify the
defendant's statements resulting in fraud submissions
submitted to the State of Wisconsin's Court Systems.
Therefore, these papers and documentation should justify
the defendant's statements provided to the federal
investigator.

8. The defendant needs to provide the courts with
documentation to support the defendant's testimony that
the defendant did not believe that there was any reason
to believe that any third party, notoriety or scandal was
involved in their marital break-up". Please provide the
courts with proven facts that you (the defendant) were
not involved with a married military man by the name of
**Sergeant Jerome Brown married to Mrs. Rita Brown**, since
the time of "before wedding the plaintiff until 1993"
(*Committing a crime under the military jurisdiction of
adultery*). The plaintiff wish to inform the defendant
that if the defendant wish not to provide the courts with
the evidence to show the defendant's testimonies are
FRAUD and the plaintiff's statements in this compliant as
fraud. Then the plaintiff will provide the courts with
the **FACTS** and proof to clear the plaintiff's name,
background and character under this federal
investigation.

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin, 1324 N. 28th
Street, Milwaukee, WI 53208

9. The defendant failed to inform the investigator that the defendant attended Jackson State University on a full "academic" scholarship and the plaintiff did not but the plaintiff completed his four enrollments at the university by obtaining a high grade point average, the defendant did not. The plaintiff made a great deal of sacrifices for the plaintiff's first born child and paved the way for the plaintiff and the plaintiff's children to place the plaintiff in the position the plaintiff is in today at the time of this federal investigation. As told and explain by the defendant, the plaintiff came up short in being a good provider or family man to his children. (FRAUD) see statue 18 U.S.C.A. § 1001.

If the defendant and the defendant's attorney fail to provide **any** of the evidence to support the defendant's statements as told to the investigator then such statements are Fraud they all are in violation of Statue **18 U.S.C.A § 1001(2)(34)**.

The defendant is not an employee of the federal government therefore, such violation of the United States Code 5 U.S.C. § 2302(b) (8) which alleges and set forth a violation of the prohibited personnel practice policy by federal government employees does not apply, but these actions in the State of Wisconsin should apply and the District Court of Columbia should have jurisdiction to place a summary judgment and enter an order

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin, 1324 N. 28th Street, Milwaukee, WI 53208

1  against the defendant if these allegation are confirmed

2  fraudulent. Because these were federal crimes and violation

3  under a national security investigation conducted by a federal

4  agency in the District of Columbia giving jurisdiction to the

5  court to grant such orders requested and place such judgment on

6  the defendant.

7

8  It is true and known that plaintiff discovered these false

9  allegations in a United States Government "federal"

10  investigation document dated June of the year of 2000 that was

11  finally and officially released to the plaintiff for review on

12  August 5, 2005. Which shows this action is filed within the

13  proper time for damage recovery according to the Freedom of

14  Information Act § 5 U.S.C.A. § 552 and statue of limitations.

15

16

17  The plaintiff wishes to maintain and reserve rights to sell

18  story to the public if necessary.

19

20  In defense by the plaintiff, upon a motion to enter

21  discovery, as stated in pervious paragraphs, the plaintiff will

22  provide the court as stated in this complaint with facts against

23  the alleged defendant's statements. These documents will show

24  there is an intentional act committed by the defendant or the

25  federal agent, even when the burden of proof does not exist

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin, 1324 N. 28th

Street, Milwaukee, WI 53208

1  within the boundaries of the plaintiff. Facts will be presented
2  to the courts at the time of certified express mail delivery is
3  deliver to the defendant with a tracking # **EQ 241268389 US**. The
4  District Court for the District of Columbia will received such
5  defendant's testimony and facts provided by the plaintiff for
6  the court to confirm the defendant's testimony after the
7  defendant has been served the summon and certification has been
8  received by the plaintiff. The District Court's Express mail
9  tracking number will be **EQ 241268273 US**.
10

11

12  Since the burden of proof will fall on the defendant, the
13  plaintiff wishes for the defendant to provide the court with all
14  fact documents to support defendant's statements made to the
15  federal agent in the defendant's federal investigation testimony
16  report.

17

18  If such proof can be provided upon a court's order to enter
19  discovery by the defendant, the plaintiff will drop this
20  complaint out right and request this matter to be dismissed.
21

22  The plaintiff will mail the defendant a copy of the federal
23  investigation report concerning the defendant's testimony alone
24  with this complaint for clarity and to be submitted with proof
25  upon submission to enter discovery.

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin, 1324 N. 28th

Street, Milwaukee, WI 53208

If this civil action cannot be settled out of court, the plaintiff is asking for a civil trial before his peers (jury trial) or a bench trial which ever is agreeable upon by the defendant to reveal all the issues along with the **FACTS** set forth in this case for a jury or a judge to rule base on the issues and facts provided and to interpret the usage and understanding of the word **"never"** which such word meaning according to Webster's Dictionary is "at no time; not ever" to be used in this compliant to judge if such testimony by the defendant is truthful as of this date the compliant is filed and logged into the District Court for the District of Columbia.

All attempts to resolve this complaint have been exhausted; the burden of the proof now lies on the defendant to prove **all** *issues* and testimonies to be truthful on the record.

In closing, the plaintiff wishes to add when considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the plaintiff (nonmoving party). The plaintiff would advised the defendant to consider case laws *Langley v. Adams County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin, 1324 N. 28th Street, Milwaukee, WI 53208

1  that no genuine issue of material fact exists. See federal

2  statue Fed.R.Civ.P.56(c); See case law: _Anthony v. United_

3  _States_, 987 F.2d 670,672 (10th Cir.1993). If the moving party

4  (the defendant) does not bear the burden of proof at trial, it

5  must show "that there is an absence of evidence to support the

6  nonmoving party's (the plaintiff) case". In this case the

7  nonmoving party (the plaintiff) has expressed evidence to

8  support the plaintiff's claim; therefore, case law to consider:

9  _Celotex Corp. v. Catrett_, 477 U.S. 317, 325, 106 S.Ct. 2548,

10 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter.

11

12

13     The defendant has sustained no loss in this action, nor did

14 the plaintiff cause any hurt or harm to the defendant, the

15 defendant caused this action or judgment upon self. Now the

16 defendant has to prove these allegations by the federal agents

17 are truthful or **not** truthful. The defendant should have 30 to 60

18 days to submit to the plaintiff and the courts documents to

19 support the defendant's comments in this federal investigation

20 to have this matter before the court dismissed.

21

22

23

24

25

Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin, 1324 N. 28th

Street, Milwaukee, WI 53208

1    *They say in the end …Good will always triumph over Bad….*

2    End of Complaint:

3

4                                Sam L. Clemmons
5                                C/o Mrs. Mary L. Lee, Paralegal
                                 P.O. Box 28558
6                                Atlanta, GA 30358

7        Plaintiff Address:
         548 Saint Charles PL
8        Brookhaven, MS 39601

9        **Attachment: Certified Federal Investigation Report**

10

11   **CC:** www.usps.com for tracking purposes

12   Tonya R. Powell;
          **Express Mail #: EQ 241268389 US**
13   The Rev. & Dr. Walter Henderson III; Defendant's Pastor
          **Express Mail #: EQ 241268300 US**
14   Law Office of Leeds, Morelli & Brown;
          **Express Mail #: EQ 242463319 US**
15   The Rainbow Push Collation
          **Express Mail #: EQ 242463296 US**
16   The NAACP Chapter for the District of Columbia
          **Express Mail #: EQ 242463305 US**
17   Mary L. Lee, Paralegal;
          **Certified Mail #: 7005 0390 0002 2211 2585**
18   George Tillman, Paralegal
          **Express Mail #: EQ 241268295 US**
19   United State District Court of the District of Columbia;
          **Express Mail #: EQ 241268273 US**
20   Records

21

22

23

24

25

     Sam L. Clemmons vs. Tonya R. Powell and the State of Wisconsin, 1324 N. 28th

     Street, Milwaukee, WI 53208

# *Freedom of Information*
# *and*
# *Privacy Acts*



# *Federal Bureau of Investigation*



CERTIFIED MAIL

7004 1160 0005 0897 0684

RESTRICTED DELIVERY

RETURN RECEIPT REQUESTED

$ 11.40

US POSTAGE

PRESORTED
FIRST CLASS

UNITED STATES
OFFICE OF PERSONNEL MANAGEMENT
FPO
BOYERS, PA 16018-0001
OFFICIAL BUSINESS

MR. SAMUEL L. CLEMMONS
548 SAINT CHARLES PLACE
BROOKHAVEN, MS 39601

FIRST NOTICE
SECOND NOTICE
RETURNED
TO BE OPENED BY ADDRESSEE ONLY

TAG: EXHIBIT

Statue of Limitation starts from the time Mr. Clemmons signed for these documents and these documents are in Mr. Clemmons' procession.

Anyone who Mr. Clemmons pursue for damages due to false information, that party needs to pursue the OPM for damages that they feel that they have encountered, incurred and due from this release to Clemmons.

The party or parties who feels they Have encountered hurt or harm should go to USPS.Com for tacking and conformation of receipts of theirs testimonies to protects their rights to rebuttal and defend any actions.

That's the law!

UNITED STATES
OFFICE OF PERSONNEL MANAGEMENT
1900
BOYERS, PA 16018-0100

**OFFICIAL BUSINESS**

7003 1010 0001 3719 4054

MR SAMUEL L CLEMMONS
548 SAINT CHARLES PLACE
BROOKHAVEN MS 39601

US POSTAGE

**TO BE OPENED BY ADDRESSEE ONLY**

**TAG: EXHIBIT**

Statue of Limitation starts from the time Mr. Clemmons signed for these documents and these documents are in Mr. Clemmons' procession.

Anyone who Mr. Clemmons pursue for damages due to false information, the party needs to pursue the OPM for damages that they feel that they have encountered, incurred and due from this release to Clemmons.

The party or parties who feels they Have encountered hurt or harm should go to USPS.Com for tacking and conformation of receipts of theirs testimonies to protects their rights to rebuttal and defend any actions.

That's the law!

DATES OF INVESTIGATION 0—05/00 - 07/05/00    SID 15—    ORG ID C12    REPORT # 1

## TESTIMONIES

ITEM: 037                                                          SOURCE: 001

NAME TONIA R. CLEMMONS, ADMINISTRATIVE ASSISTANT, 1324 NORTH 28TH STREET, MILWAUKEE, WI 53208
INTERVIEWED AT M SQUARED TECHNICAL STAFFING, 207 EAST BUFFALO STREET, MILWAUKEE, WI 53202

ISSUE(S) 03B
PRIMARY ASSOCIATION FORMER SPOUSE
AVERAGE EXTENT OF CONTACT INFREQUENT              *FRAUD*
SPAN OF CONTACT LATE 1970'S TO THE PRESENT

RECOMMENDS

SHE MET HIM WHEN THEY WERE BOTH ATTENDING BROOKHAVEN MIDDLE SCHOOL IN BROOKHAVEN, MISSISSIPPI.  HE IS TWO YEARS OLDER THAN SHE IS, BUT HE WAS ONLY AHEAD OF HER IN SCHOOL BY ONE YEAR.  THEY WERE FRIENDS IN SCHOOL, BUT BY THE TIME SHE WAS 16 YEARS OLD (1983) THEY BEGAN DATING ONE ANOTHER EXCLUSIVELY.  CONTACT REMAINED THE SAME UNTIL SPRING 1984 WHEN HE GRADUATED FROM BROOKHAVEN HIGH SCHOOL.  THEY CONTINUED DATING, THOUGH, AND IN SPRING 1985 SHE, TOO, GRADUATED FROM BROOKHAVEN HIGH SCHOOL.

THEY CONTINUED DATING ONE ANOTHER, AND HAD FREQUENT CONTACT.  IN THE LATE 1980'S THEY BOTH ATTENDED JACKSON STATE COLLEGE IN JACKSON, MISSISSIPPI.  THEY CONTINUED DATING ONE ANOTHER, AND IN FALL 1986 CLEMMONS BECAME PREGNANT WITH HIS DAUGHTER, TIVAGIA.

CONTACT REMAINED THE SAME UNTIL 11/88 WHEN CLEMMONS JOINED THE ARMY, AND LEFT BROOKHAVEN.  SHE WAS IN GEORGIA FOR THE NEXT 9 MONTHS, AND THEREAFTER WAS TRANSFERED TO GERMANY.  SHE DID NOT RECALL HOW MUCH, IF ANY, CONTACT SHE HAD WITH HIM DURING THOSE TWO YEARS.  SHE DID, HOWEVER, RETURN TO MISSISSIPPI IN SUMMER 1990 ON LEAVE TO GET MARRIED TO HIM.  HE, IN THE MEANTIME, JOINED THE ARMY AS AN OFFICER.  THEY BOTH WENT TO ASCHAFFENBURG, GERMANY.  THEY HAD CLOSE DAILY CONTACT, THEN, AS AN INTACT MARRIED COUPLE UNTIL 07/15/93 WHEN SHE VOLUNTARILY LEFT HIM.

SHE RETURNED TO THE UNITED STATES WITH HER CHILDREN (SHE HAD A TOTAL OF THREE BY HIM), AND IMMEDIATELY MOVED TO MILWAUKEE, WISCONSIN TO RESIDE WITH HER AUNT AND HER GRANDMOTHER AT HER CURRENT ADDRESS.  SHE HAS SINCE HAD VERY LITTLE, IF ANY, CONTACT WITH HIM.  SHE SPEAKS WITH HIM 1-2 TIMES A YEAR AT THE MOST, AND SEES HIM IN PERSON ONCE EVERY OTHER YEAR OR SO WHEN HE COMES TO MILWAUKEE TO VISIT HIS CHILDREN. SHE LAST SPOKE WITH HIM IN PERSON WHEN HE VISITED IN LATE 1998.

HE HAS NEVER PAID HER ANY MONEY FOR CHILD SUPPORT.  SHE KNOWS THAT HE

**DATES OF INVESTIGATION 07/05/00 - 07/05/00   SID 1521   ORG ID C12   REPORT # 1**

HAD DIVORCE PAPERWORK WRITTEN UP BY A LAWYER IN MISSISSIPPI, HOWEVER, DOES NOT KNOW THE CURRENT STATUS OF THAT DIVORCE. SHE SIGNED PAPERS AGREEING TO THE DIVORCE WITH THE PROVISION THAT CHILD SUPPORT BE PAID TO HER FOR MAINTENANCE, HOWEVER, SHE HAS NOT HAD ANY CONTACT WITH ANYBODY REGARDING THE DIVORCE PAPERWORK SINCE ABOUT 1994 (EXACT TIME UNRECALLED). SHE WAS VERY ANGRY THAT HE HAS NEVER PAID HER ANYTHING TO HELP HER WITH THE CHILDREN, BUT HAS NOT GONE AFTER HIM LEGALLY, BECAUSE SHE JUST DID NOT WANT TO BOTHER WITH HIM ANY FURTHER. SHE DID NOT CARE ONE BIT WHAT BECAME OF HIM. SHE DOES RESENT, HOWEVER, THAT SHE HAS NOT HAD ANY HELP WITH THE CHILDREN AND MONEY.

SHE OFFERED THAT THEY BROKE UP WITH ONE ANOTHER, BECAUSE THEY GOT MARRIED TO YOUNG, AND DRIFTED APART. THEY WERE HIGH SCHOOL— SWEETHEARTS, WHO, SHOULD HAVE BROKEN IT OFF AFTER HIGH SCHOOL. AS THEY GREW, THEY GREW AWAY FROM ONE ANOTHER. BECAUSE THEY SPENT SO MUCH TIME APART FROM ONE ANOTHER IN THE LATE 1980'S (WHEN SHE WAS IN THE MILITARY), THEY SHOULD HAVE JUST LET THAT BE. HOWEVER, BECAUSE SHE HAD ONE CHILD WITH HIM ALREADY, SHE DESIRED TO HAVE AN INTACT FAMILY, AND THOUGHT THAT MARRYING HIM WOULD PROVIDE FOR THAT. OVER TIME THEY JUST BICKERED MORE AND MORE, AND BY MID 1993 SHE JUST HAD ENOUGH OF IT AND LEFT HIM.

SHE EXPLAINED THAT HE IS NOT A GOOD FAMILY MAN. HE IS VERY RESPONSIBLE WITH HIS BUSINESS DEALINGS, BUT COULD CARE LESS ABOUT HER AND HIS CHILDREN. HE HAS ALWAYS BEEN THAT WAY, AND THAT HAS BEEN A MAIN ISSUE OF CONTENTION BETWEEN THEM. SHE DID NOT BELIEVE THAT THERE WAS ANY REASON TO BELIEVE THAT ANY THIRD PARTY, NOTORIETY OR SCANDAL WAS INVOLVED IN THEIR MARITAL BREAK-UP.

SHE STATED THAT SHE HOPES HE GETS THIS JOB, BECAUSE SHE WANTS HIM TO MAKE ENOUGH MONEY SO THAT HE CAN ASSIST HER WITH CHILD SUPPORT PAYMENTS THAT SHE BELIEVES IS DUE AND OWED TO HER.

**EXTRA COVERAGE**

**ADAPTABILITY; FLEXIBILITY; ACCEPTANCE OF TRAINING AND CRITICISM**
HE IS VERY ADAPTIBLE. HE WAS MADE A PLATOON LEADER, AND WAS ON ALERT ALL OF THE TIME WHEN HE WAS AN OFFICER IN GERMANY. HE WORKED 24 HOURS A DAY/7 DAYS A WEEK ON CALL AT ALL TIMES. TO DO THAT AS A SOLDIER, ONE HAS TO BE FLEXIBLE. HE ALSO HAS BEEN OF SERVICE BOTH IN THE NATIONAL GUARD, AT THE POLICE ACADEMY IN JACKSON, MISSISSIPPI. HE HAS LEARNED HOW TO BE A GOOD SOLDIER, AND SURVIVE.

**ANALYTICAL ABILITY; MANAGEMENT OF TIME AND RESOURSES;**
**ABILITY TO RECOGNIZE LEADS, INCONSISTENCIES, DISCREPANCIES,**
**AND PATTERNS + DILIGENCE IN PURSUIT OF INFORMATION**
HE IS VERY CAPABLE OF MANAGING HIS TIME AND MONEY. IN FACT, HE WAS, AND PROBABLY STILL IS QUITE A MISER WHEN IT COMES TO MONEY. HE PROBABLY HAS THE FIRST NICKEL ANYONE GAVE HIM. HE DID VERY WELL AS A MANAGER IN THE MILITARY, AND WAS WELL-LIKED BY HIS PEERS AND OFFICERS

DATES OF INVESTIGATION 07/05/00 - 07/05/00    SID 152     ORG ID C12    REPORT # 1

ABOVE HIM.

**APPEARANCE AND MANNER; ABILITY TO SPEAK/WRITE IN A CLEAR AND GRAMMATICALLY CORRECT MANNER, APPROPRIATE IN BOTH STYLE AND LANGUAGE; ABILITY TO SUMMARIZE INFORMATION AND TO ORGANIZE**
HE SPEAKS AND WRITES VERY WELL. HE GRADUATED FROM COLLEGE WITH A DEGREE IN CRIMINAL JUSTICE, AND ALSO TOOK A FEW MASTERS DEGREE COURSES ALONG THE WAY. HE IS VERY POISED, AND HAS A VERY NICE APPEARANCE. HE DID WELL IN SCHOOL, THEREFORE, HAS GOOD COMMUNICATION SKILLS.

**ABILITY TO WORK INDEPENDENTLY; FOLLOW RULES; DISCRETION; OBJECTIVITY; SENSE OF RIGHTS OF OTHERS; PERSONAL HONESTY**
HE WORKS VERY WELL INDEPENDENTLY. IN FACT, HE PREFERS TO WORK ALONE SO THAT HE IS NOT DEPENDANT ON OTHERS. HE IS VERY PROFESSIONAL, AND PUTS HIS TIME AND ENERGY INTO HIS PROFESSIONAL LIFE.

**ABILITY TO ESTABLISH RAPPORT AND ELICIT COOPERATION; INTERVIEWING SKILLS; FRIENDLINESS**
UNSPECIFIC BUT FAVORABLE

**REACTION IN AN EMERGENCY SITUATION**
WHEN HE WAS IN THE ARMY, HE WAS ALWAYS SUBJECT TO REACTING AND WORKING IN EMERGENCY SITUATIONS. HE WAS WELL TRAINED IN HIS JOB, AND WOULD REACT APPROPRIATELY GIVEN ANY EMERGENCY.

**ABILITY TO OPERATE UNDER STRESS**
HE MAY REACT VERY WELL IN A PROFESSIONAL WAY WHEN HE IS UNDER STRESS AT THE JOB, BUT WHEN IT CAME TO ANY STRESS CAUSED BY HIS WIFE AND/OR CHILDREN, HE FELL VERY SHORT. SHE WAS UNABLE TO PROVIDE SPECIFICS, BUT STATED THAT HE DID NOT OPERATE WELL IF HE HAD PRESSURES ON HIM RELATED TO CARE OF OR NEEDS OF HIS FAMILY. HE IS JUST NOT A FAMILY-ORIENTED PERSON. HIS PROFESSIONAL AMBITIONS AND HIS PROFESSIONAL DESIRES ALWAYS COME FIRST.

**STABILITY; JUDGEMENT; DISCRETION; PHYSICAL HEALTH**
UNSPECIFIC BUT FAVORABLE

**FINANCIAL RESPONSIBILITY/ABILITY TO LIVE WITHIN MEANS**
HE HAS NEVER BEEN KNOWN TO HAVE ANY KINDS OF PROBLEMS REGARDING MONEY. BECAUSE HE IS SO VERY CAREFUL NOT TO LIVE OUTSIDE HIS MEANS, IT WOULD SURPRISE CLEMMONS VERY MUCH IF SHE WERE TO DISCOVER THAT HE DID NOT HAVE A LOT OF MONEY SAVED. HE NEVER HAD ANY BAD CREDIT WHEN THEY WERE TOGETHER. SHE DID NOT KNOW, THOUGH, HOW MUCH HE MADE NOW, NOR HOW MUCH HE HAD.

**** END OF REPORT ****

**TRANSMITTED:** 07/05/00        **PRINTED:** 07/05/00

78