STATE OF WISCONSIN ■ CIRCUIT COURT ■ ...LWAUKEE COUNTY *162*

FAMILY COURT BRANCH

In re the marriage of:

**FILED AUTHENTICATED**
**MAY 06 2002**
**JOHN BARRETT**
**Clerk of Circuit Court**

HON. BONNIE L. GORDON BR. 46

Tonya R. Clemmons, Petitioner

Address 1324 N. 28th St.
MILWAUKEE WI
zip code 53208

# FAMILY D
# Summons

**With Minor Children**

and

SAMUEL L. Clemmons JR Respondent

Address PO BOX 28558
5675 ROSWEL RO 40-A  ATLANTO GA
zip code 30342

02FA003672

Case # _____ FA _____

Family   A      B      C      D

*FRAUD*

## The State of Wisconsin, to the Person Named Above as Respondent:

1. You are hereby notified that the petitioner named above has filed a lawsuit or other legal action against you. The petition, which is attached, states the nature and basis of the legal action.

2. Within twenty (20) days of receiving this **Summons**, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the **Petition**. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is: Clerk of Circuit Court, Milwaukee County Courthouse, 901 N. 9th Street, Milwaukee, Wisconsin, 53233.

3. Within twenty (20) days of receiving this **Summons** the answer must *also* be sent or delivered to:

   Tonya R. Clemmons                    , petitioner, whose address is

   1524 N. 28th ST.

   MILWAUKEE  U          , Wisconsin 53 208

   **RECEIVED** MAY - 9 2002
   CIRCUIT COURT COMMISSIONER
   ...KEE COU...

4. You may have an attorney help or represent you.

5. If you do not provide a proper answer within twenty (20) days, the court may grant judgment against you for the award of money or other legal action requested in the **Petition**, and you may lose your right to object to anything that is or may be incorrect in the **Petition**. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

6. You are further hereby notified of the availability of information from the Family Court Commissioner set forth in section 767.081 of the Wisconsin Statues, which provides as follows:

**Wisconsin Statute 948.31   Interference with custody by parent or others.**

(1) (a)   In this subsection, "legal custodian of a child" means:

   1. A parent or other person having legal custody of the child under an order or judgment in an action for divorce, legal separation, annulment, child custody, paternity, guardianship or habeas corpus.



*163*

2. The department of health and family services or the department of corrections or any person, county department under s. 46.215, 46.22 or 46.23 or licensed child welfare agency, if custody or supervision of the child has been transferred under chapter 48 or chapter 938 to that department, person or agency.

(1) (b)    Except as provided under chs. 48 and 938, whoever intentionally causes a child to leave, takes a child away or withholds a child for more than 12 hours beyond the court-approved period of physical placement or visitation period from a legal custodian with intent to deprive the custodian of his or her custody rights without the consent of the custodian is guilty of a Class C felony. This paragraph is not applicable if the court has entered an order authorizing the person to so take or withhold the child. The fact that joint legal custody has been awarded to both parents by a court does not preclude a court from finding that one parent has committed a violation of this paragraph.

(2)    Whoever causes a child to leave, takes a child away or withholds a child for more than 12 hours from the child's parents, or the child's mother in the case of a nonmarital child where parents do not subsequently intermarry under s. 767.60, without the consent of the parents or the mother, is guilty of a Class E felony. This subsection is not applicable if legal custody has been granted by court order to the person taking or withholding the child.

(3)    Any parent, or any person acting pursuant to directions from the parent, who does any of the following is guilty of a Class C felony:

(a)    Intentionally conceals a child from the child's other parent.

(b)    After being served with process in an action affecting the family but prior to the issuance of a temporary or final order determining child custody rights, takes the child or causes the child to leave with intent to deprive the other parent of physical custody as defined in s. 822.02(9).

(c)    After issuance of a temporary or final order specifying joint legal custody rights and periods of physical placement, takes a child from or causes a child to leave the other parent in violation of the order or withholds a child for more than 12 hours beyond the court-approved period of physical placement or visitation period.

(4) (a)    It is an affirmative defense to prosecution for violation of this section if the action:

1.    Is taken by a parent or by a person authorized by a parent to protect his or her child in a situation in which the parent or authorized person reasonably believes that there is a threat of physical harm or sexual assault to the child;

2.    Is taken by a parent fleeing in a situation in which the parent reasonably believes that there is a threat of physical harm or sexual assault to himself or herself;

3.    Is consented to by the other parent or any other person or agency having legal custody of the child; or

4.    Is otherwise authorized by law.

(4) (b)    A defendant who raises an affirmative defense has the burden of proving the defense by a preponderance of the evidence.

(5)    The venue of an action under this section is prescribed in s. 971.19(8).

(6)    In addition to any other penalties provided for violation of this section, a court may order a violator to pay restitution, regardless of whether the violator is placed on probation under s. 973.09, to provide reimbursement for any reasonable expenses incurred by any person or any governmental entity in locating and returning the child. Any such amounts paid by the violator shall be paid to the person or governmental entity which incurred the expense on a prorated basis. Upon the application of any interested party, the court shall hold an evidentiary hearing to determine the amount of reasonable expenses.

## Wisconsin Statute 767.081    Information from Family Court Commissioner.

1.    Upon the filing of an action affecting the family, the family court commissioner shall inform the parties of any services, including referral services, offered by the family court commissioner and by the director of family court counseling services under s. 767.11.

2.    Upon request of a party to an action affecting the family, including a revision of judgment or order under s. 767.32 or 767.325:

    A.    The family court commissioner shall, with or without charge, provide the party with written information on the following, as appropriate to the action commenced:

        i.      The procedure for obtaining a judgment or order in the action.
        ii.     The major issues usually addressed in such an action.
        iii.    Community resources and family court counseling services available to assist the parties.

    B.    The family court commissioner shall provide a party, for inspection or purchase, with a copy of the statutory provisions in this chapter generally pertinent to the action.

Dated this 8th day of May , 2001 .

_____
Petitioner appearing pro se

## Child Support Percentage of Income Standards

### Authority and Purpose

This chapter is promulgated under the authority of s. 49.22(9), Stats., for the purpose of establishing a standard to be used in determining child support under ss. 767.02, 767.08, 767.10, 767.23, 767.25, 767.32 and 767.51, Stats.

### Applicability

This chapter applies to any petition for a temporary or final order for child support of a marital or nonmarital child in an action affecting a family under s. 767.02, Stats., any stipulated child support settlement under s. 767.10, Stats., or any revision of judgment under s. 767.32, Stats.

### Gross Income Available for Child Support

The percentage standards are applied to the payer's gross income after adding wages paid to dependent household members and subtracting business expenses which the court determines are reasonably necessary for the production of that income or operation of the business and which may differ from the determination of allowable business expenses for tax purposes.

**Imputed Income for Child Support**
The court can also impute income to the payer, that is, the amount of income ascribed to assets which are unproductive or to which income has been diverted to avoid paying child support or from which income is necessary to maintain the child or children at the economic level they would enjoy if they were living with both parents, and which exceeds the actual earnings of the assets.

**Determine Child Support Using the Income Standard**
The payer's base shall be determined by adding together the payer's gross income available for child support and the payer's imputed income for child support and dividing by 12. The percentage of the payer's base or adjusted base that constitutes the child support obligation shall be:

| | | |
|---|---|---|
| 17% for one child | 25% for 2 children | 29% for 3 children |
| 31% for 4 children | 34% for 5 or more children | |

**Special Circumstances**
There are instances when child support may be determined under special circumstances as follows and other specific formulas apply:

**Serial-Family Payer**    A "serial-family payer" is a payer with an existing legal obligation for child support who incurs an additional legal obligation for child support in a subsequent family (paternity) as a result of a court order. See Wisconsin Administrative Code HHS 80.04(1)(b).

**Shared-Time Payer**    The basic percentages assume that the payer has placement of the child at or less than 30 percent of the time. The shared-time payer formula applies where both parents provide overnight child care beyond the threshold (110 overnights/30%) HSS 80.02(25) defines a "shared-time payer" as a payer who provides **overnight child care or equivalent care beyond the threshold and assumes all variable child care costs in proportion to the number of days he or she cares for the child** under the shared-time arrangement. "Variable costs" are defined in 80.02(30) as including but not limited to payments for food, clothing, school, extracurricular activities, recreation and day care. See HSS 80.04(2)(b) for the formula.

If each parent has the child at least 147 overnights but not more than 218 (40-60% of the time), child support is set pursuant to HSS 80.04(2)(c). Beyond 40% of the time both parents' incomes are factored into the child support formula.

**Split Custody Payer**    A "split custody payer" is a payer who has 2 or more children and who has physical placement of one or more but not all of the children. See HSS 80.04(3).

## Wisconsin Statute 767.25  Child support.
(1) Whenever the court approves a stipulation for child support under s. 767.10, enters a judgment of annulment, divorce or legal separation, or enters an order or a judgment in an action under s. 767.02(1)(f) or (j) or 767.08, the court shall do all of the following:

    (a)    Order either or both parents to pay an amount reasonable or necessary to fulfill a duty to support a child. The support amount may be expressed as a percentage of parental income or as a fixed sum, or as a combination of both in the alternative by requiring payment of the greater or lesser of either a percentage of parental income or a fixed sum.

    (1g)    In determining child support payments, the court may consider all relevant financial information or other information relevant to the parent's earning capacity, including information reported to the department, or the county child and spousal support agency, under s.49.22(2m).



(1j)   Except as provided in sub. (1m), the court shall determine child support payments by using the percentage standard established by the department under s. 49.22(9).

(1m)   Upon request by a party, the court may modify the amount of child support payments determined under sub. (1j) if, after considering the following factors, the court finds by the greater weight of the credible evidence that use of the percentage standard is unfair to the child or to any of the parties:

(a)    The financial resources of the child.

(b)    The financial resources of both parents as determined under s. 767.255.

(bj)   Maintenance received by either party.

(bp)   The needs of each party in order to support himself or herself at a level equal to or greater than that established under 42 USC 9902(2).

(bz)   The needs of any person, other than the child, whom either party is legally obligated to support.

( c )  The standard of living the child would have enjoyed had the marriage not ended in annulment, divorce or legal separation.

(d)    The desirability that the custodian remain in the home as a full-time parent.

(e)    The cost of day care if the custodian works outside the home, or the value of custodial services performed by the custodian if the custodian remains in the home.

(ej)   The award of substantial periods of physical placement to both parents.

(em)   Extraordinary travel expenses incurred in exercising the right to periods of physical placement under s. 767.24.

(f)    The physical, mental and emotional health needs of the child, including any costs for health insurance as provided for under sub. (4m).

(g)    The child's educational needs.

(h)    The tax consequences to each party.

(hm)   The best interests of the child.

(hs)   The earning capacity of each parent, based on each parent's education, training and work experience and the availability of work in or near the parent's community.

(i)    Any other factors which the court in each case determines are relevant.

(1n)   If the court finds under sub. (1m) that use of the percentage standard is unfair to the child or the requesting party, the court shall state in writing or on the record the amount of support that would be required by using the percentage standard, the amount by which the court's order deviates from that amount, its reasons for finding that use of the percentage standard is unfair to the child or the party, its reasons for the amount of the modification and the basis for the modification.



S T A T E   O F   W I S C O N S I N  ■  C I R C U I T   C O U R T  ■  M I L W A U K E E   C O U N T Y
FAMILY COURT BRANCH

*167*

**In re the marriage of:**

FILED AND
AUTHENTICATED

MAY 06 2002

JOHN BARRETT
Clerk Circuit Court
Petitioner

Tonya R. Clemmons

# Petition

**and**

Samuel L. Clemmons, Jr. , Respondent

**With Minor Children**

Case # _____ FA _____ **02FA003672**

**Family    A       B       C       D**

---

## The petitioner herein petitions the court for divorce, and in that respect states as follows:

1. The petitioner, __Tonya R. Clemmons__ , whose social security number is
__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__ , is an adult, born __April 13__ , __1967__ , currently resides at
__1524 N. 28th St.__
__Milwaukee__ , Wisconsin __53208__ (zip code); and is by
occupation a(n) __Unemployment Insurance Claim Specialist__ .

2. The respondent, __Samuel L. Clemmons Jr__ , whose social security number
is __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__ , is an adult, born __June 4__ , __1965__, currently resides at
__5675 Roswell Rd 40-A__

3. __Atlanta__ , ~~Wisconsin~~ GA __30342__ (zip code);
and is by occupation a(n) __Unknown__ .

3. The parties to this action were married on __July 28, 1990__ , _____ , at
__Brookhaven MS 39601__ (city, state and zip code).

4. The names and dates of birth of the children of the parties to this marriage and their social security numbers are as follows:

| Name | Birth date | Soc. Sec. Number |
|------|-----------|------------------|
| Tivagia D. Clemmons | 3/21/0287 | 426 - 57 - 7229 |
| Victoria N. Clemmons | 3/5/0292 | 428 - 75 - 2279 |
| Jordan D. Clemmons | 4/27/93 | 062 - 82 - 2498 |
|  |  |  -  -  |

5. No other children have been born to nor were adopted by the parties to this marriage. Upon information and belief the wife is not pregnant.

6. Please mark the <u>correct</u> statement with an **X**
   - ☐ BOTH PARTIES resided in Milwaukee County for more than thirty (30) days preceding the commencement of this action.
   - **X** The PETITIONER resided in Milwaukee County for more than thirty (30) days preceding the commencement of this action.
   - ☐ The RESPONDENT resided in Milwaukee County for more than thirty (30) days preceding the commencement of this action.

7. The marriage is irretrievably broken.



8.    Please mark the correct statement with an **X** .
- ☐ BOTH PARTIES have resided in the state of Wisconsin for more than six (6) months preceding the commencement of this action.
- ☒ The PETITIONER has resided in the state of Wisconsin for more than six (6) months preceding the commencement of this action.
- ☐ The RESPONDENT has resided in the state of Wisconsin for more than six (6) months preceding the commencement of this action.

9.    Please mark the correct statement(s) with an **X** .
- ☒ No other action for divorce or legal separation by either of the parties hereto has been at any time commenced nor is now pending in any other court or before any judge thereof in this state or elsewhere.
- ☐ The PETITIONER commenced a previous action for divorce in the city and state of _____ _____, Case No. _____, which action was dismissed on _____, _____.
- ☐ The RESPONDENT commenced a previous action for divorce in the city and state of _____ _____, Case No. _____, which action was dismissed on _____, _____.



10.   Please mark the correct statement(s) with an **X** .
- ☒ NEITHER PARTY was previously married.
- ☐ PETITIONER was previously married to _____, which marriage was terminated by _____ in the _____ Court of _____ County, State of _____, by judgment on _____, _____.
- ☐ RESPONDENT was previously married to _____, which marriage was terminated by _____ in the _____ Court of _____ County, State _____, by judgment on _____, _____.

11.   Pursuant to Wisconsin statute 840.10, the within action affects real property wherein the court will be required to confirm or change interests in real property including, but not limited to, the following described real estate: (address) _____NONE_____

12.   Please mark the correct statement with an **X** .
- ☐ The parties have entered into a written agreement as to support, legal custody, physical placement of the child(ren), maintenance of either party, or property division (a copy of which agreement is attached).
- ☒ The parties have not entered into any written agreement as to support, legal custody, physical placement of the child(ren), maintenance of either party, or property division.

13.   Please mark the correct statement with an **X** .
- ☒ Both parties are fit and proper persons to have the care, legal custody and placement of the minor child(ren).
- ☐ Only the PETITIONER is a fit and proper person to have the care, legal custody and placement of the minor child(ren).



*169*

## In compliance with Wisconsin statute 822.09, petitioner states:

1.  The minor child(ren) presently reside with, (please mark only one with an **X** )
    □ BOTH PARTIES    ☒ PETITIONER    □ RESPONDENT
    □ OTHER PERSON ( other's name) _____
    (other's address) _____
    _____

2.  Within the last five years, the minor child(ren) have lived with, (please mark only one with an **X** )
    □ BOTH PARTIES    ☒ PETITIONER    □ RESPONDENT
    □ OTHER PERSON ( other's name) _____
    (other's address) _____
    _____

3.  Petitioner has not previously participated as a party, witness, or in any other capacity in other litigation concerning the custody of the above-named child(ren) in this or any other state.

4.  Petitioner is unaware of any other custody proceeding concerning the minor child(ren) in a court of this or any other state.

5.  Petitioner knows of no other person not a party to this action who has physical custody of the minor child(ren) or claims to have legal custody, physical placement or visitation rights with respect to said child(ren).

6.  Petitioner understands that as a party to this action, petitioner has a continuing duty during this proceeding to inform this court of any custody proceedings brought concerning the child(ren) in this or any other state of which petitioner obtains information.

## WHEREFORE, petitioner requests the following relief:

1.  For an absolute divorce.

2.  For a division of the property of the parties.

3   For an order granting  (please mark only one with an **X** )
    □    BOTH PARTIES joint custody of the minor child(ren).
    ☒    the PETITIONER sole custody of the minor child(ren).

4.  For an order allocating  (please mark only one with an **X** )
    □    periods of physical placement between BOTH PARTIES.
    ☒    the PETITIONER primary physical placement of the minor child(ren).

5.  For an award of an appropriate amount for the support of the minor child(ren).

6.  For an award of a reasonable amount for the ~~maintenance of the petitioner.~~

7.  For an award of an appropriate amount for the cost of maintaining this action and petitioner's attorneys' fees.

8.  For such other remedies to which petitioner is entitled.





*170*

**You are Hereby Notified** that pursuant to sec. 767.087, Stats., during the pendency of this action, both parties are prohibited from and may be held in contempt of court for:

1.    Harassing, intimidating, physically abusing or imposing any restraint on the personal liberty of the other party or a minor child of either of the parties.

2.    Encumbering, concealing, damaging, destroying, transferring or otherwise disposing of property owned by either or both of the parties, without the consent of the other party or an order of the court or the family court commissioner, except in the usual course of business, in order to secure necessities or in order to pay reasonable costs and expenses of the action, including attorney fees.

3.    Establishing a residence with a minor child of the parties outside the state of Wisconsin or more than 150 miles from the residence of the other party within the state without the consent of the other party or an order of the court or family court commissioner.

4.    Removing a minor child of the parties from the state of Wisconsin for more than 90 consecutive days without the consent of the other party or an order of the court or family court commissioner.

5.    Concealing a minor child of the parties from the other party without the consent of the other party or an order of the court or family court commissioner.

**Except** that a violation of paragraphs 3, 4, or 5 above is not a contempt of court if the court finds that the action was taken to protect a party or a minor child of the parties from physical abuse by the other party and that there was no reasonable opportunity under the circumstances for the party to obtain an order authorizing the action.

These restraining orders apply until the action is dismissed, a final judgment in the action is entered, or the court orders otherwise.

**A Violation of the Above Restraining Orders May Result in Punishment for Contempt, Which May Include Monetary Penalties, Imprisonment, and Other Sanctions as Provided for in Sec. 785.04, Stats.**

_____
Petitioner appearing pro se

Subscribed and sworn to before me
this ___ day of _____ 2002

_____
Notary public, State of Wisconsin
My commission expires PERMANENT

In re the marriage of:

_Tonya Clemmons_, Petitioner

and

_Samuel Clemmons Jr._, Respondent

171

CASE # _02_ FA _00 3672_

Family    A    B    C    (D)    E

# N O T I C E   A N D   O R D E R
## A D M I N I S T R A T I V E   D I S M I S S A L   D A T E
## R E Q U I R E M E N T   T O   A T T E N D   P A R E N T
## E D U C A T I O N   P R O G R A M

**PLEASE TAKE NOTICE** that this case has been assigned an dismissal date. Also, in this case **BOTH PARTIES** are required to attend an approved program of parent education. Please _carefully read_ the following order. This may be the _only notice_ you will receive concerning these orders:

# THIS *IS NOT* A COURT DATE FOR YOUR FINAL HEARING.

**IT IS ORDERED**    that this case be called for dismissal on the following date at the time and location shown below:

Date:         _9/4/02_

Time:        **10:15 A. M.**

Before:      **HON. MICHAEL J. BRUCH, Family Court Commissioner**

Location:    **ROOM 707    MILWAUKEE COUNTY COURTHOUSE**
             901 North 9th Street,  Milwaukee, Wisconsin 53233

**This case WILL BE DISMISSED at that time UNLESS:**

1.    There has been a trial or final hearing and the findings, conclusions and judgement are filed with the court.
2.    There is a _scheduled_ hearing date for a defauft or stipulated divorce before the Family Court Commissioner or judge, or a _scheduled_ date for pretrail or trial before the judge as of the date this case is scheduled for dismissal.
3.    The case is subject to a 90 day suspension pursuant to Section 767.082 to attempt reconciliation which would still be in effect as of the above date.
4.    Other good cause is shown to the court before the above date.

**IT IS FURTHER ORDERED** that, pursuant to Administrative Order FAMILY 97.02, both parties _must attend_ an approved program of parent education concerning the effects of divorce on children. _[Ask your attorney or the Family Court Commissioner for further information.]_

Dated:    _5/16/02_

BY THE COURT:

_____
Family Court Commissioner

2459 R3

F AdmDisPE



MILWAUKEE COUNTY 2382 R4
FAMILY COURT COMMISSIONER
901 NORTH 9TH STREET • MILWAUKEE, WISCONSIN 53233-1497

ADDRESS SERVICE REQUESTED

30332+0332   07

Mary Lee
PO Box 28558
Atlanta, GA  30358



| Caption | Responsible C.O. | Case Number |
|---|---|---|
| Tonya R Clemmons vs Samuel L Clemmons | Bonnie L Gordon-46 | 2002FA003672 *173* |

**WCIS Code:** 40101 - Divorce

| Filing Date/C.O. | Disposition Date/C.O. | Disposition | Next Action |
|---|---|---|---|
| 05-06-2002<br>Bonnie L Gordon-46 | 11-13-2002<br>Bonnie L Gordon-46 | 37<br>Default judgment | |

| Party Type | Name | Address | City | St | Zip | Attorney | Status |
|---|---|---|---|---|---|---|---|
| Petitioner | Tonya R Clemmons | 1324 N 28 St | Milwaukee | WI | 53208 | | AC |
| Respondent | Samuel L Clemmons | 5675 Rowell Road 40-A | Atlanta | GA | 30342 | | AC |

| Date | Court Record Entries | Amount | C.O.<br>Court Reporter<br>Tape / Counter<br>Location |
|---|---|---|---|
| 05-06-2002 | Service<br>of Summons & Petition on FCC.  leh | | |
| 05-06-2002 | Order<br>Notice and Order for Administrative Dismissal with Parent Ed issued. Action set for Dismissal Calendar on 9-4-02 at 10:15 a.m. leh | | Michael J Bruch |
| 05-06-2002 | Summons and petition | | |
| 05-06-2002 | Petition and order for waiver of fees | | Bonnie L Gordon-46 |
| 06-14-2002 | Report<br>Parent Ed completed by petitioner on 6/8/02 at Family Service of Milwaukee.  eb | | Michael J Bruch |
| 06-21-2002 | Order to show cause<br>First hearing scheduled for 7/30/02 at 2:15 p.m.  el | | Joan Hicks |
| 07-02-2002 | [LT] Affidavit of service<br>of summons and petition, et al. on Samuel L. Clemmons, Jr. on 05-17-02. | | |
| 07-02-2002 | [LT] Affidavit of non-military<br>and default, filed. | | |
| 07-02-2002 | [LT] Certificate of compliance<br>filed with signed order to appear at pretrial. Pretrial conference set on: 09-24-02 at 9:00 a.m., br. 46. | | |
| 07-30-2002 | Order<br>Findings & Order: Petitioner in person; Respondent no appearance. Case is here on petitioner's Motion for Temporary Orders. She represents she filed Proof of Service with the Circuit Court. She does not have proof of service of the Order to Show Casue for Temporary Orders. She already has a Pre-trail date in September. ORDER: Case is removed from the calendar due to non-service of Order to Show Cause. filed, order  bt | | Joan Hicks |
| 09-20-2002 | Other papers<br>Filed, OTA for 9-24-02 9:00 a.m.<br> Filed, typed correspondence with date of 8-28-02. cp | | |

This form may not be modified. It may be supplemented with additional material.

MILWAUKEE COUNTY    Civil Court Record    06-22-2005
CIRCUIT COURT    Family    11:12 am

| Caption | Responsible C.O. | Case Number |
|---|---|---|
| Tonya R Clemmons vs Samuel L Clemmons | Bonnie L Gordon-46 | 2002FA003672 |

**WCIS Code:**    40101 - Divorce

| | | |
|---|---|---|
| 09-24-2002 | Other in-court activity | Bonnie L Gordon-46 |
| | Petitioner is in court pro se. | |
| | Respondent is not in court. | |
| | Case set for a p.t. conference. | |
| | Filed, Copy of Affidavit of Diligent Search. | |
| | Court ordered case adjourned-petitioner is ordered to publish the OTA. | |
| | Court further ordered the petitioner to get certification from Lincoln County, MS. advising the court that no action for divorce was taken. | |
| | Court ordered case continued to 11-13-02 2:00 p.m. for p.t. | |
| | Signed and filed, OTA. cp | |
| 11-13-2002 | Default divorce | Bonnie L Gordon-46 |
| | Court Reporter, Barbara Bohl. | Barbara Bohl |
| | Petitioner appears pro se. | |
| | Respondent does not appear. | |
| | Petitioner is sworn and testified. | |
| | Court finds respondent has been served with the Summons and Petition. | |
| | Court finds due diligence has been made. | |
| | Court is satisfied that the previous action for divorce in Lincoln County, Brookhaven, MS. case # 95-0039 was DISMISSED 4-7-97. | |
| | Court filed, from Lincoln County, Brookhaven, MS. the following: Certified copy of Order Dismissing case # 95-0039, Clerk's Motion to Dismiss, Summons by Publication, Complaint, Affidavit of Srevice on Samuel clemmons, Jr., Proof of Certified Mail to Tonya Powell Clemmons, Proof of Publication re: Tonya Powell Clemmons and another Certififed Proof of Mail to Ms. Clemmons. | |
| | Court finds marriage Irretrievably Broken and Court grants Judgment of Absolute Divorce. Court DID NOT MAKE ANY OTHER ORDERS- Acceptance of the Proposed Written MSA is HELD OPENED. Petitioner restored her previous surname of POWELL. | |
| | Filed, proof of publication. | |
| | Court ordered petitioner to submit New Findings of Fact, Conclusions of Law, indicating divorce granted-all other orders held opened/not ruled upon. cp | |
| 11-13-2002 | Default judgment | Bonnie L Gordon-46 |
| 11-19-2002 | Findings of facts/conclusions of law w/ judgment | Bonnie L Gordon-46 |
| 11-25-2002 | Notes | |
| | Filed, Findings of Fact and Conclusions of Law, Judgment of Divorce. Copy of Judgment and Findings mailed to Petitioner and Respondent at addresses shown in the Judgment. | |

This form may not be modified. It may be supplemented with additional material.

STATE OF WISCO IN ■ CIRCUIT COURT ■ LWAUKEE COUNTY

FAMILY COURT BRANCH

In re the marriage of:

**FILED AUTHENTICATED**
**MAY 0 6 2002**
**JOHN BARRETT**
**Clerk of Circuit Court**

HON. BONNIE L. GORDON BR. 46

Tonya R. Clemmons _____ Petitioner
Address 1324 N. 28th St.
MILWAUKEE WI
zip code 53208

# FAMILY D
# Summons

**With Minor Children**

**and**
SAMUEL L. Clemmons Jr Respondent
Address PO BOX 2 5558
5675 Roswell RD 40-A   ATLANTA GA
zip code 30342

Case # _____ FA _____

**02FA003672**

Family    A    B    C    D

## The State of Wisconsin, to the Person Named Above as Respondent:

1.  You are hereby notified that the petitioner named above has filed a lawsuit or other legal action against you. The petition, which is attached, states the nature and basis of the legal action.

2.  Within twenty (20) days of receiving this **Summons**, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the **Petition**. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is: Clerk of Circuit Court, Milwaukee County Courthouse, 901 N. 9th Street, Milwaukee, Wisconsin, 53233.

3.  Within twenty (20) days of receiving this **Summons** the answer must *also* be sent or delivered to:

    Tonya R. Clemmons _____, petitioner, whose address is
    1524 N. 28th ST. _____,
    MILWAUKEE    U _____, Wisconsin 53 208 _____

    **RECEIVE**
    **MAY - 6 2002**
    FAMILY COURT COMMISSIONER

4.  You may have an attorney help or represent you.

5.  If you do not provide a proper answer within twenty (20) days, the court may grant judgment against you for the award of money or other legal action requested in the **Petition**, and you may lose your right to object to anything that is or may be incorrect in the **Petition**. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

6.  You are further hereby notified of the availability of information from the Family Court Commissioner set forth in section 767.081 of the Wisconsin Statues, which provides as follows:

**Wisconsin Statute 948.31   Interference with custody by parent or others.**

(1) (a)   In this subsection, "legal custodian of a child" means:

    1.  A parent or other person having legal custody of the child under an order or judgment in an action for divorce, legal separation, annulment, child custody, paternity, guardianship or habeas corpus.

2. The department of health and family services or the department of corrections or any person, county department under s. 46.215, 46.22 or 46.23 or licensed child welfare agency, if custody or supervision of the child has been transferred under chapter 48 or chapter 938 to that department, person or agency.

(1) (b)    Except as provided under chs. 48 and 938, whoever intentionally causes a child to leave, takes a child away or withholds a child for more than 12 hours beyond the court-approved period of physical placement or visitation period from a legal custodian with intent to deprive the custodian of his or her custody rights without the consent of the custodian is guilty of a Class C felony. This paragraph is not applicable if the court has entered an order authorizing the person to so take or withhold the child. The fact that joint legal custody has been awarded to both parents by a court does not preclude a court from finding that one parent has committed a violation of this paragraph.

(2)    Whoever causes a child to leave, takes a child away or withholds a child for more than 12 hours from the child's parents, or the child's mother in the case of a nonmarital child where parents do not subsequently intermarry under s. 767.60, without the consent of the parents or the mother, is guilty of a Class E felony. This subsection is not applicable if legal custody has been granted by court order to the person taking or withholding the child.

(3)    Any parent, or any person acting pursuant to directions from the parent, who does any of the following is guilty of a Class C felony:

      (a)    Intentionally conceals a child from the child's other parent.

      (b)    After being served with process in an action affecting the family but prior to the issuance of a temporary or final order determining child custody rights, takes the child or causes the child to leave with intent to deprive the other parent of physical custody as defined in s. 822.02(9).

      (c)    After issuance of a temporary or final order specifying joint legal custody rights and periods of physical placement, takes a child from or causes a child to leave the other parent in violation of the order or withholds a child for more than 12 hours beyond the court-approved period of physical placement or visitation period.

(4) (a)    It is an affirmative defense to prosecution for violation of this section if the action:

      1. Is taken by a parent or by a person authorized by a parent to protect his or her child in a situation in which the parent or authorized person reasonably believes that there is a threat of physical harm or sexual assault to the child;

      2. Is taken by a parent fleeing in a situation in which the parent reasonably believes that there is a threat of physical harm or sexual assault to himself or herself;

      3. Is consented to by the other parent or any other person or agency having legal custody of the child; or

      4. Is otherwise authorized by law.

(4) (b)    A defendant who raises an affirmative defense has the burden of proving the defense by a preponderance of the evidence.

(5)    The venue of an action under this section is prescribed in s. 971.19(8).



(6)    In addition to any other penalties provided for violation of this section, a court may order a violator to pay restitution, regardless of whether the violator is placed on probation under s. 973.09, to provide reimbursement for any reasonable expenses incurred by any person or any governmental entity in locating and returning the child. Any such amounts paid by the violator shall be paid to the person or governmental entity which incurred the expense on a prorated basis. Upon the application of any interested party, the court shall hold an evidentiary hearing to determine the amount of reasonable expenses.

## Wisconsin Statute 767.081    Information from Family Court Commissioner.

1.    Upon the filing of an action affecting the family, the family court commissioner shall inform the parties of any services, including referral services, offered by the family court commissioner and by the director of family court counseling services under s. 767.11.

2.    Upon request of a party to an action affecting the family, including a revision of judgment or order under s. 767.32 or 767.325:
   A.    The family court commissioner shall, with or without charge, provide the party with written information on the following, as appropriate to the action commenced:

   i.     The procedure for obtaining a judgment or order in the action.
   ii.    The major issues usually addressed in such an action.
   iii.   Community resources and family court counseling services available to assist the parties.

   B.    The family court commissioner shall provide a party, for inspection or purchase, with a copy of the statutory provisions in this chapter generally pertinent to the action.

Dated this ʻ6ᵗʰ day of MaY , 2006 .

_____
Petitioner appearing pro se

# Child Support Percentage of Income Standards

**Authority and Purpose**
This chapter is promulgated under the authority of s. 49.22(9), Stats., for the purpose of establishing a standard to be used in determining child support under ss. 767.02, 767.08, 767.10, 767.23, 767.25, 767.32 and 767.51, Stats.

**Applicability**
This chapter applies to any petition for a temporary or final order for child support of a marital or nonmarital child in an action affecting a family under s. 767.02, Stats., any stipulated child support settlement under s. 767.10, Stats., or any revision of judgment under s. 767.32, Stats.

**Gross Income Available for Child Support**
The percentage standards are applied to the payer's gross income after adding wages paid to dependent household members and subtracting business expenses which the court determines are reasonably necessary for the production of that income or operation of the business and which may differ from the determination of allowable business expenses for tax purposes.

**Imputed Income for Child Support**
The court can also impute income to the payer, that is, the amount of income ascribed to assets which are unproductive or to which income has been diverted to avoid paying child support or from which income is necessary to maintain the child or children at the economic level they would enjoy if they were living with both parents, and which exceeds the actual earnings of the assets.

**Determine Child Support Using the Income Standard**
The payer's base shall be determined by adding together the payer's gross income available for child support and the payer's imputed income for child support and dividing by 12. The percentage of the payer's base or adjusted base that constitutes the child support obligation shall be:

|  |  |  |
|---|---|---|
| 17% for one child | 25% for 2 children | 29% for 3 children |
| 31% for 4 children | 34% for 5 or more children | |

**Special Circumstances**
There are instances when child support may be determined under special circumstances as follows and other specific formulas apply:

**Serial-Family Payer**   A "serial-family payer" is a payer with an existing legal obligation for child support who incurs an additional legal obligation for child support in a subsequent family (paternity) as a result of a court order. See Wisconsin Administrative Code HHS 80.04(1)(b).

**Shared-Time Payer**   The basic percentages assume that the payer has placement of the child at or less than 30 percent of the time. The shared-time payer formula applies where both parents provide overnight child care beyond the threshold (110 overnights/30%) HSS 80.02(25) defines a "shared-time payer" as a payer who provides **overnight child care or equivalent care beyond the threshold and assumes all variable child care costs in proportion to the number of days he or she cares for the child** under the shared-time arrangement. "Variable costs" are defined in 80.02(30) as including but not limited to payments for food, clothing, school, extracurricular activities, recreation and day care. See HSS 80.04(2)(b) for the formula.

If each parent has the child at least 147 overnights but not more than 218 (40-60% of the time), child support is set pursuant to HSS 80.04(2)(c). Beyond 40% of the time both parents' incomes are factored into the child support formula.

**Split Custody Payer**   A "split custody payer" is a payer who has 2 or more children and who has physical placement of one or more but not all of the children. See HSS 80.04(3).

## Wisconsin Statute 767.25  Child support.

(1) Whenever the court approves a stipulation for child support under s. 767.10, enters a judgment of annulment, divorce or legal separation, or enters an order or a judgment in an action under s. 767.02(1)(f) or (j) or 767.08, the court shall do all of the following:

  (a) Order either or both parents to pay an amount reasonable or necessary to fulfill a duty to support a child. The support amount may be expressed as a percentage of parental income or as a fixed sum, or as a combination of both in the alternative by requiring payment of the greater or lesser of either a percentage of parental income or a fixed sum.

  (1g) In determining child support payments, the court may consider all relevant financial information or other information relevant to the parent's earning capacity, including information reported to the department, or the county child and spousal support agency, under s.49.22(2m).

(1j)   Except as provided in sub. (1m), the court shall determine child support payments by using the percentage standard established by the department under s. 49.22(9).

(1m)   Upon request by a party, the court may modify the amount of child support payments determined under sub. (1j) if, after considering the following factors, the court finds by the greater weight of the credible evidence that use of the percentage standard is unfair to the child or to any of the parties:

   (a)   The financial resources of the child.

   (b)   The financial resources of both parents as determined under s. 767.255.

   (bj)   Maintenance received by either party.

   (bp)   The needs of each party in order to support himself or herself at a level equal to or greater than that established under 42 USC 9902(2).

   (bz)   The needs of any person, other than the child, whom either party is legally obligated to support.

   ( c )   The standard of living the child would have enjoyed had the marriage not ended in annulment, divorce or legal separation.

   (d)   The desirability that the custodian remain in the home as a full-time parent.

   (e)   The cost of day care if the custodian works outside the home, or the value of custodial services performed by the custodian if the custodian remains in the home.

   (ej)   The award of substantial periods of physical placement to both parents.

   (em)   Extraordinary travel expenses incurred in exercising the right to periods of physical placement under s. 767.24.

   (f)   The physical, mental and emotional health needs of the child, including any costs for health insurance as provided for under sub. (4m).

   (g)   The child's educational needs.

   (h)   The tax consequences to each party.

   (hm)   The best interests of the child.

   (hs)   The earning capacity of each parent, based on each parent's education, training and work experience and the availability of work in or near the parent's community.

   (i)   Any other factors which the court in each case determines are relevant.

(1n)   If the court finds under sub. (1m) that use of the percentage standard is unfair to the child or the requesting party, the court shall state in writing or on the record the amount of support that would be required by using the percentage standard, the amount by which the court's order deviates from that amount, its reasons for finding that use of the percentage standard is unfair to the child or the party, its reasons for the amount of the modification and the basis for the modification.



STATE OF WISCONSIN ▪ CIRCUIT COURT ▪ MILWAUKEE COUNTY
FAMILY COURT BRANCH

In re the marriage of:

*FILED AND AUTHENTICATED*
*MAY 06 2002*
*JOHN BARRETT*
*Clerk of Circuit Court*

*180*

Tonya R. Clemmons

, Petitioner

and

Samuel L. Clemmons, Jr. , Respondent

# Petition

**With Minor Children**

Case # _____ FA _____ 02FA003672

Family    A    B    C    D

---

## The petitioner herein petitions the court for divorce, and in that respect states as follows:

1. The petitioner, Tonya R. Clemmons , whose social security number is 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 , is an adult, born April 13 , 1967 , currently resides at 1524 N. 28th St. Milwaukee , Wisconsin 53208 (zip code); and is by occupation a(n) Unemployment Insurance Claim Specialist .

2. The respondent, Samuel L. Clemmon Jr , whose social security number is _____ , is an adult, born June 4 , 1965 , currently resides at 5675 Roswell Rd 40-A

3. Atlanta , ~~Wisconsin~~ GA 30342 (zip code); and is by occupation a(n) Unknown

3. The parties to this action were married on July 28, 1990 , _____ , at Brookhaven MS 39601 (city, state and zip code).

4. The names and dates of birth of the children of the parties to this marriage and their social security numbers are as follows:

| Name | Birth date | Soc. Sec. Number |
|---|---|---|
| Tivigia O. Clemmons | 3/21/02-87 | 426 - 57 - 7229 |
| Viktoria N. Clemmons | 5/5/02-92 | 428 - 73 - 2279 |
| Jordan O. Clemmons | 4/27/93 | 062 - 82 - 2498 |

5. No other children have been born to nor were adopted by the parties to this marriage. Upon information and belief the wife is not pregnant.

6. Please mark the <u>correct</u> statement with an **X**
   - ☐ BOTH PARTIES resided in Milwaukee County for more than thirty (30) days preceding the commencement of this action.
   - ☒ The PETITIONER resided in Milwaukee County for more than thirty (30) days preceding the commencement of this action.
   - ☐ The RESPONDENT resided in Milwaukee County for more than thirty (30) days preceding the commencement of this action.

7. The marriage is irretrievably broken.



*181*

8.   Please mark the correct statement with an **X** .
   ☐   BOTH PARTIES have resided in the state of Wisconsin for more than six (6) months preceding the
       commencement of this action.
   ☒   The PETITIONER has resided in the state of Wisconsin for more than six (6) months preceding the
       commencement of this action.
   ☐   The RESPONDENT has resided in the state of Wisconsin for more than six (6) months preceding the
       commencement of this action.

9.   Please mark the correct statement(s) with an **X** .
   ☒   No other action for divorce or legal separation by either of the parties hereto has been at any time
       commenced nor is now pending in any other court or before any judge thereof in this state or
       elsewhere.
   ☐   The PETITIONER commenced a previous action for divorce in the city and state of
       _____, Case No. _____, which action
       was dismissed on _____, _____.
   ☐   The RESPONDENT commenced a previous action for divorce in the city and state of
       _____, Case No. _____, which action
       was dismissed on _____, _____.

10.  Please mark the correct statement(s) with an **X** .
   ☒   NEITHER PARTY was previously married.
   ☐   PETITIONER was previously married to _____, which marriage
       was terminated by _____ in the _____
       Court of _____ County, State of _____, by judgment
       on _____, _____.
   ☐   RESPONDENT was previously married to _____, which marriage
       was terminated by _____ in the _____
       Court of _____ County, State _____, by judgment
       on _____, _____.

11.  Pursuant to Wisconsin statute 840.10, the within action affects real property wherein the court will be
     required to confirm or change interests in real property including, but not limited to, the following
     described real estate: (address) _____ NONE _____

12.  Please mark the correct statement with an **X** .
   ☐   The parties have entered into a written agreement as to support, legal custody, physical placement of
       the child(ren), maintenance of either party, or property division (a copy of which agreement is
       attached).
   ☒   The parties have not entered into any written agreement as to support, legal custody, physical
       placement of the child(ren), maintenance of either party, or property division.

13.  Please mark the correct statement with an **X** .
   ☒   Both parties are fit and proper persons to have the care, legal custody and placement of the minor
       child(ren).
   ☐   Only the PETITIONER is a fit and proper person to have the care, legal custody and placement of the
       minor child(ren).





*182*

## In compliance with Wisconsin statute 822.09, petitioner states:

1. The minor child(ren) presently reside with, (please mark only one with an **X** )
   ☐ BOTH PARTIES    ☒ PETITIONER    ☐ RESPONDENT
   ☐ OTHER PERSON ( other's name) _____
            (other's address) _____
   _____

2. Within the last five years, the minor child(ren) have lived with, (please mark only **one** with an **X** )
   ☐ BOTH PARTIES    ☒ PETITIONER    ☐ RESPONDENT
   ☐ OTHER PERSON ( other's name) _____
            (other's address) _____
   _____

3. Petitioner has not previously participated as a party, witness, or in any other capacity in other litigation concerning the custody of the above-named child(ren) in this or any other state.

4. Petitioner is unaware of any other custody proceeding concerning the minor child(ren) in a court of this or any other state.

5. Petitioner knows of no other person not a party to this action who has physical custody of the minor child(ren) or claims to have legal custody, physical placement or visitation rights with respect to said child(ren).

6. Petitioner understands that as a party to this action, petitioner has a continuing duty during this proceeding to inform this court of any custody proceedings brought concerning the child(ren) in this or any other state of which petitioner obtains information.

## WHEREFORE, petitioner requests the following relief:

1. For an absolute divorce.

2. For a division of the property of the parties.

3. For an order granting (please mark only one with an **X** )
   ☐ BOTH PARTIES joint custody of the minor child(ren).
   ☒ the PETITIONER sole custody of the minor child(ren).

4. For an order allocating (please mark only one with an **X** )
   ☐ periods of physical placement between BOTH PARTIES.
   ☒ the PETITIONER primary physical placement of the minor child(ren).

5. For an award of an appropriate amount for the support of the minor child(ren).

6. For an award of a reasonable amount for the 

7. For an award of an appropriate amount for the cost of maintaining this action and petitioner's attorneys' fees.

8. For such other remedies to which petitioner is entitled.

*183*

**You are Hereby Notified** that pursuant to sec. 767.087, Stats., during the pendency of this action, both parties are prohibited from and may be held in contempt of court for:

1    Harassing, intimidating, physically abusing or imposing any restraint on the personal liberty of the other party or a minor child of either of the parties.

2    Encumbering, concealing, damaging, destroying, transferring or otherwise disposing of property owned by either or both of the parties, without the consent of the other party or an order of the court or the family court commissioner, except in the usual course of business, in order to secure necessities or in order to pay reasonable costs and expenses of the action, including attorney fees.

3    Establishing a residence with a minor child of the parties outside the state of Wisconsin or more than 150 miles from the residence of the other party within the state without the consent of the other party or an order of the court or family court commissioner.

4    Removing a minor child of the parties from the state of Wisconsin for more than 90 consecutive days without the consent of the other party or an order of the court or family court commissioner.

5    Concealing a minor child of the parties from the other party without the consent of the other party or an order of the court or family court commissioner.

**Except** that a violation of paragraphs 3, 4, or 5 above is not a contempt of court if the court finds that the action was taken to protect a party or a minor child of the parties from physical abuse by the other party and that there was no reasonable opportunity under the circumstances for the party to obtain an order authorizing the action.

These restraining orders apply until the action is dismissed, a final judgment in the action is entered, or the court orders otherwise.

**A Violation of the Above Restraining Orders May Result in Punishment for Contempt, Which May Include Monetary Penalties, Imprisonment, and Other Sanctions as Provided for in Sec. 785.04, Stats.**

_____
Petitioner appearing pro se

Subscribed and sworn to before me
this ___ day of _____ 2002

_____
Notary public, State of Wisconsin
My commission expires _____ PERMONENT



In re the marriage of:

_Tonya Clemmens_, Petitioner

-- and --

_Samuel Clemmens Jr._, Respondent

CASE # _02_ FA _00 3672_ 184

Family    A    B    C   (D)   E

# N O T I C E   A N D   O R D E R
## A D M I N I S T R A T I V E   D I S M I S S A L   D A T E
## R E Q U I R E M E N T   T O   A T T E N D   P A R E N T
## E D U C A T I O N   P R O G R A M

---

**PLEASE TAKE NOTICE** that this case has been assigned an dismissal date. Also, in this case <u>BOTH PARTIES</u> are required to attend an approved program of parent education. Please <u>carefully read</u> the following order. This may be the <u>only notice</u> you will receive concerning these orders:

# THIS *IS NOT* A COURT DATE FOR YOUR FINAL HEARING.

**IT IS ORDERED**     that this case be called for dismissal on the following date at the time and location shown below:

Date:     _9/4/02_

Time:     **10:15 A. M.**

Before:     **HON. MICHAEL J. BRUCH, Family Court Commissioner**

Location:     **ROOM 707    MILWAUKEE COUNTY COURTHOUSE**
               901 North 9th Street, Milwaukee, Wisconsin 53233

**This case WILL BE DISMISSED at that time UNLESS:**

1.    There has been a trial or final hearing and the findings, conclusions and judgement are filed with the court.
2.    There is a <u>scheduled</u> hearing date for a default or stipulated divorce before the Family Court Commissioner or judge, or a <u>scheduled</u> date for pretrial or trial before the judge as of the date this case is scheduled for dismissal.
3.    The case is subject to a 90 day suspension pursuant to Section 767.082 to attempt reconciliation which would still be in effect as of the above date.
4.    Other good cause is shown to the court before the above date.

**IT IS FURTHER ORDERED** that, pursuant to Administrative Order FAMILY 97.02, both parties <u>must attend</u> an approved program of parent education concerning the effects of divorce on children. *[Ask your attorney or the Family Court Commissioner for further information.]*

Dated: _5/6/02_          BY THE COURT:

                             _____
                             Family Court Commissioner

2459 R3                                                     F. AdmDisPE