UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 06-0123 (RCL) |
| TONYA R. POWELL, | ) |
|     Defendant. | ) |

**<u>ORDER</u>**

By Order [8] filed January 25, 2007, the Court quashed service on the defendant as improper, vacated the Clerk's entry of default against the defendant, and denied without prejudice the plaintiff's motion for summary judgment by default. In the same Order, the Court expressly ordered that plaintiff promptly take steps to effect proper service, and further ordered that plaintiff could serve "a new motion after proper service of the summons and complaint has been effected on the defendant." The Court's dockets indicate that the Order of January 25, 2007, was mailed on January 25, 2007, to the plaintiff at the following address as listed on the dockets of this case: 548 Saint Charles Place, Brookhaven, MS 39601.

The Court's dockets thereafter indicate that the Court's Deputy Courtroom Clerk erroneously entered on the dockets on February 1, 2007, that this case was terminated. This was an error by the Clerk's Office; the Court's Order did <u>not</u> terminate this case. Accordingly, the Clerk shall correct the docket entries in this case to show that this case is still pending.

Thereafter, plaintiff filed a motion [9], on May 16, 2007, for leave to late file a notice of appeal. Plaintiff's motion [9] is DENIED. The Court has not terminated this case, despite the

erroneous docket entry, and the Court has not entered an appealable order.  The Court explained in the Order issued on January 25, 2007, that the return of service indicates that the plaintiff effected service on the defendant, but Rule 4(c)(2) of the Federal Rules of Civil Procedure provides that service may be effected by a person who is not a party.  The Court therefore quashed the improper service, but has expressly allowed the defendant to take steps to effect proper service.  Moreover, the Court stated that once proper service is effected, plaintiff can again seek to have a default entered by the Clerk, and move for judgment on the default.  Defendant is not free to ignore <u>proper</u> service.  Defendant is not, however, required to respond to improper service which has been quashed by the Court.

The Court is well aware that plaintiff is proceeding <u>pro se</u>; that is why the Court specified in such detail in its Order of January 25, 2007, exactly what plaintiff was expected to do next.  Nowhere in plaintiff's 7-page motion attacking the Court does plaintiff indicate that he has ever read the Court's January 25, 2007, Order.  To the extent that plaintiff's motion for leave to file appeal out of time might also be construed as a motion for recusal, plaintiff's motion for recusal is DENIED.  This Order denying recusal may be subject to review on appeal or by mandamus if the plaintiff chooses to do so, but a timely-filed notice of appeal will deprive this Court of jurisdiction to proceed to act at all in this case.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, July 10, 2007.