# IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ➤ SAM L. CLEMMONS | ) CIVIL ACTION NO: 1:06CV0123 (RCL) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| | ) |
| | ) TITLE: **PLAINTIFF' MOTION** |
| vs. | ) |
| | ) **REQUEST FOR ENTERY OF DEFAULT** |
| ➤ **TONYA R. POWELL, et al** | ) **JUDGMENT 55(b) (1)** _____ |
| | ) |
| | ) _____ |
| DEFENDANTS | ) |
| | ) _____ |
| | ) |
| | ) _____ |
| | ) |
| | ) |
| | ) |
| _____ ) | |

## PLAINTIFF'S MOTION REQUEST TO ENTER DEFAULT OR DEFAULT JUDGMENT DUE TO THE DEFENDANT FAILED TO APPEAR AND FAILED TO COOPERATE IN THE DISCOVERY PROCESS IN ACCORDANCE WITH § 45.8 SUBPOENA FOR ATTENDANCE AT TRIAL AND § 34.1 SUBPOENA DUCES TECUM REQUEST FOR PRODUCTION, INSPECTION AND COPYING OF DOCUMENTS AND TANGIBLE THINGS

Plaintiff Sam L. Clemmons, *pro se* comes before this court and file such papers in accordance with the Civil Rules of Civil Procedures and under the condition of requesting DEFAULT.

The Plaintiff file this motion in accordance with the verbal and written communication of the Court advising each and every Defendant that "If such "Summons" and the other court papers were served on you by a registered process server, the Sheriff, the United States Postal Service or anyone who is over the age of 18 years old in according to the Federal Rules of Civil

1  Procedures constitute effective but proper service, within the Defendant's place of business or

2  residency, your "Response" or "Answer" must be filed within **TWENTY (20), THIRTY (30)**

3  **OR SIXTY (60) CALENDAR DAYS** from the date you were served, not counting the day you

4  were served.

5      In this filing before the Court the court and the clerk must honor the paragraph above and

6  review the record or docket to determine the exact date of proper service when such Defendant

7  was served in a registered process server, the Sheriff, the United States Postal Service or any

8  who is over the age of 18 years old in according to the Federal Rules of Civil Procedures. From

9  the date of service of these Court's documents the Defendant was properly served and failed to

10  enter a "Response" or "Answer" before the assigned set days in the Court's instruction which

11  should justify default and if such Defendant submitted an "Response" or "Answer" after such

12  deadline date set the Defendant too failed to produce anything in accordance with § 45.8

13  Subpoena For Attendance At Trial and § 34.1 Subpoena Duces Tecum Request for Production,

14  Inspection and Copying of Documents and Tangible Things to justify why this case should be

15  dismissed.

16      When one failed to cooperate it slows down and delay the process for a true or fair rules

17  in accordance with the Due Process of Law and any filing or motion requested by the Defendant

18  or Defendant's Counsel in filing a dispositive motion for dismissal without any justification,

19  facts, substantial evidence displaying and giving good reason or reasoning why such case should

20  be dismissed is without merit and such dismissal should not be granted due to multiple failures

21  now verified by the Plaintiff.

22      The Plaintiff now moves to enter such Motion Request to Enter Discovery after Default

23  has been entered and accepted by the Court and the Office of The Clerk.

24      If such Discovery is not necessary, then the Plaintiff moves for a Default Judgment to

25  bring this case to a complete end.

Clemmons vs. Powell, Case # 1:06CV0123(RCL)

Respectfully submitted,

Sam L. Clemmons,
548 Saint Charles PL
Brookhaven, MS 39601
Phone: 866-409-7758

**Attached:**

   AFFIDAVIT OF SERVICE / RETURN OF SERVICE TO SUPPORT DEFAULT

## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ➤ SAM L. CLEMMONS | CIVIL ACTION NO: 1:06CV0123 (RCL) |
| PLAINTIFFS | |
| vs. | TITLE: _ |
| ➤ **TONYA R. POWELL, et al** | **PLAINTIFF'S MEMORANDUM OF** |
| | **POINTS TO SUPPORT ANY** |
| DEFENDANTS | **ARGUMENTS AGAINST PLAINTIFF'S** |
| | **MOTION REQUEST TO ENTER** |
| | **DEFAULT, DEFAULT JUDGMENT,** |
| | **SUMMARY JUDGMENT OR** |
| | **SUMMARY JUDGMENT BY DEFAULT** |
| | _____ |
| | _____ |

**PLAINTIFF'S MOTION REQUEST TO ENTER DEFAULT, DEFAULT JUDGMENT, SUMMARY JUDGMENT OR SUMMARY JUDGMENT BY DEFAULT DUE TO THE DEFENDANT FAILED TO APPEAR AND FAILED TO COOPERATE IN THE DISCOVERY PROCESS IN ACCORDANCE WITH § 45.8 SUBPOENA FOR ATTENDANCE AT TRIAL AND § 34.1 SUBPOENA DUCES TECUM REQUEST FOR PRODUCTION, INSPECTION AND COPYING OF DOCUMENTS AND TANGIBLE THINGS**

Plaintiff Sam L. Clemmons, *pro se* comes before this court and file such papers in accordance with the Civil Rules of Civil Procedures and under the condition of a *pro se* to enter Memorandum of Points to cease any argument against the Plaintiff's request for default, default judgment, summary judgment or summary judgment by default due to the Defendant failed to appear and failed to produce substantial evidence to justify removal of default or to prevent default. After reading and reviewing such memorandum of points, the Defendant should be

granted his or her rights to file an appeal against such judgment or to exercise their seventh amendment rights in accordance with the Due Process of law to prove their points or argument before a jury trial if needed.

### THE PLAINTIFF'S MEMORANDUM OF POINTS ARE:

### JUDGMENT BY DEFAULT MUST BE HONORED IN ACCORDANCE WITH:

The Applicable Law and Rules which expresses and states....

1. Fed. R. Bankr. P. 7012(a) provides that the defendant in an adversary proceeding must serve an answer within 30 days of issuance of the summons by the court, unless the court prescribes a different time. If the United States or an officer or agency of the United States is the defendant, then an answer must be served within 35 days of the issuance of the summons.

2. Rule 7012(b) incorporates by reference Rule 12(b)-(h) of the Federal Rules of Civil Procedure. This rule permits the defendant to serve several types of motions, including a motion to dismiss the complaint, a motion for a more definite statement, and a motion to strike, in lieu of serving an answer.

3. If the defendant serves neither an answer nor one of the motions described in Rule 7012(b) within the time fixed by Rule 7012(a), the defendant is said to be in default. A defendant may also be in default if an answer or motion is served, but the defendant fails to appear at a court hearing.

4. Fed. R. Bankr. P. 7055 incorporates by reference Fed. R. Civ. P. 55. This rule provides that when the defendant is in default, the plaintiff may seek to have the clerk enter the default. This entry of default is accomplished by the execution of form B 260. The Plaintiff has placed such motion request before the court and the Office of the Clerk.

5. Once a default has been entered, the plaintiff may seek a default judgment.

6. Rule 55 provides two methods for obtaining a judgment by default. The judgment by default may be entered by the clerk on Form B 261A or by the court on Form B 261B.

7. If the complaint seeks a sum certain, the defendant is neither an infant nor an incompetent person, and the defendant has been defaulted for failure to appear, the clerk may enter a judgment by default upon receipt of a request by the plaintiff with an affidavit of the amount due. Rule 55(b)(1). By sum certain, the rule means an amount that can be fixed by simple calculation or that can be set by documentation, such as an invoice. Merely because a party claims a specific amount, such as $3 million for pain and suffering, does not make that amount a sum certain.

8. It states in all other instances, including a defendant who served an answer or motion and then fails to appear at a court hearing, Rule 55(b)(2) requires that the default judgment be entered by the court. Entry of a judgment by default by the court is discussed in the following material on Form B 261B.

9. 50 U.S.C. App. § 520 affords to those in military service certain protections against entry of a default judgment. The statute provides that, unless the plaintiff files an affidavit that the defendant is not in military service, a judgment by default may be entered only by court order.

10. Rule 55(c) states that, if a judgment by default has been entered, the court may set it aside in accordance with Fed. R. Civ. P. 60(b). Rule 60(b) authorizes a court to set aside a judgment on account of "mistake, inadvertence, surprise, or excusable neglect." A motion to set aside the default on these grounds must be made within a reasonable time, but not more than one year after the default judgment was entered.

11. No party can enter an answer or response prior to being served by a certified law enforcement authority, a certified legal processor, or the United States Postal Service or anyone over the legal age of 18 years of age who is not a party in this lawsuit even if such party knows about pending actions in court. The party must be officially served in accordance with the Federal Rules of Civil Procedures.

The Plaintiff requests instructions to the Office of the Clerk shall be performed as followed:

The Plaintiff has submitted such Affidavit to the Office of the Clerk in accordance with the Federal Rules of Civil Procedures.

The clerk is permitted to enter a default judgment only upon being presented with an affidavit setting forth the amount owed, together with a statement that the defendant is not in the military service. Fed.R.Civ.P. 55(b) (1) also requires that the affidavit state that the defendant is not an infant or incompetent person. This affidavit should be attached to the proposed judgment.

The Defendant is not a part or associate with any military outlet therefore, Fed.R.Civ.P. 55(b) (1) is not an issue.

The Defendant has served a letter upon the Plaintiff showing that Defendant was served proper and was not personally served upon by the Plaintiff. Therefore, proper service is clearly validated. The evidence by this notice served upon the Plaintiff clearly shows that such notice is not even a letter or apology and it appears that the Defendant may have filed deceitful information within the courts with an intent to escape from the courts this too shall constitute default. If the Defendant too wishes to counterattack or rebuttal such statement the Defendant too should be able to exercise her rights by providing proof of service of affidavit in accordance with Rule 56 (e) before the court of appeals.

Deformation, defamation, libel, slander, and fraud are all serious crimes which someone has to pay if caught in the acts of violating someone character or rights in accordance with 111 ALR, Fed.295 and 18 U.S.C.A § 1001.

In multiple cases before the United States Court of Appeals, The United States Court of Appeals clearly states and expresses that no service need be made on parties in default for failure to appear except that pleading asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4. This too can be

found in located in the Federal Rules of Civil Procedures, Rule 4, (page 7) which too should be in conjunction with the State of Arizona Civil Rules of Civil Procedures. The Defendant or Defendants failed to appear in accordance with the official summons served upon them by a sworn law enforcement office, a certified legal processor or someone over the age of 18 years old. This make or places the Plaintiff in a position in releasing himself from appearing in any issues or concern that one may want raised concerning filing motion for dismissal without any facts, justification or substantial evidence to justify their failures.

Due to the Plaintiff is now exempted from attendance in any court proceedings other then discussing the debt that is now due. The debt needs to be worked out between the courts and the Defendant(s) and not the Plaintiff.

Respectfully submitted,

Sam L. Clemmons
548 Saint Charles PL
Brookhaven, MS 39601
Phone: 866-409-7758

**Attached:**
Motion Request to Enter Discovery

# IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ➤ SAM L. CLEMMONS | ) CIVIL ACTION NO: 1:06CV0123 (RCL) |
| | ) |
| PLAINTIFFS, | ) |
| | ) TITLE: __MOTION REQUEST TO ENTER__ |
| | ) __DISCOVERY__ |
| vs. | ) _____ |
| | ) |
| ➤ **TONYA R. POWELL, et al** | ) _____ |
| | ) |
| DEFENDANTS | ) _____ |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

## <u>PLAINTIFF'S MOTION REQUEST TO ENTER DISCOVERY</u>

Plaintiff files Motion Request to Enter Discovery showing proper service and discovery showing valid complaint with merit for public record.

Respectfully submitted,

Sam L. Clemmons
548 Saint Charles PL
Brookhaven, MS 39601
Phone: 866-409-7758

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAM L. CLEMMONS | ) | **CIVIL ACTION NO:** |
|     Plaintiff | ) | |
| vs. | ) | |
| | ) | **1:06CV00123** |
| TONYA R. POWELL, et al | ) | |
| | ) | |
|     Defendants | ) | |
| | ) | |
| _____ | ) | |

## AFFIDAVIT OF SERVICE TO SUPPORT RETURN OF SERVICE FOR DEFAULT, DEFAULT JUDGMENT OR FEDERAL TORT CLAIM BEFORE THE COURTS AND JURY

Personally appeared Sam L. Clemmons and O.B. Bryant for Sam L. Clemmons and Clemmons' Estate, who after being duly sworn before the undersigned officer duly authorized to administrate oaths, states the following:

(1)

I am the attorney of record for the Plaintiffs and O.B. Bryant and Mary L. Lee located at 4362 Stonegate, East Point, GA 30344 and P.O. Box 28558, Atlanta, GA 30358 is the official server to the Fulton County Marshal's Department located at 160 Pryor Street, Atlanta, GA 30303 and Arizona Quick Serve located at 9393 N. 90th Street, Suite 121, Scottsdale, AZ 85258, Capital Process Service located at 5916 South Shore Drive, Baton Rouge, LA 70817-3982, Front Range Legal Process Service, LLC located at 27 North Wacker, Suite 177, Chicago, IL 60606, United States Postal Service for Milwaukee, WI District and others for the Plaintiffs who is over the age requirement for perfecting service according to the State of Louisiana, State of Arizona, State of Georgia, State of Milwaukee, WI, District of Columbia and Federal Rules of Civil Procedures which is 18 years old or older.

(2)

The Defendant, Tonya R. Powell, was served on **March 4, 2006** by notorious service at his/her residence address of 1324 N. 28th Street, Milwaukee, WI 53208; the Defendant signed both types of service by person and by the United State Postal Service. The Defendant was served a second alternative route by providing personal service upon the Defendant at 1324 N. 28th Street, Milwaukee, WI 53208 accepting service for the Defendant was Tivagia D. Clemmons the Defendant's daughter. The Defendant too was served at 440 E. Chickasaw Street, Brookhaven, MS 39601; accepting service for the Defendant was Mrs. Cynthia Thadison; The Defendant's mother. The Defendant too was served at 4030 N. 34th Street, Milwaukee, WI 53216 accepting service for the Defendant was the Defendant's Grandmother named Hazel Thadison and others. All individuals accepting service and providing service to the Defendant were over the age of 18 years old; therefore, validating Rule 4 of the Federal Rules of Civil Procedures as proper. The Plaintiff **DID NOT PERSONALLY SERVE ANYTHING UPON DEFENDANT**.

(3)

The Defendant, Tonya R. Powell, became in default on **March 24, 2006** by virtue of filing no Response or Answer making such Defendant impossible to prosecute. The period to appear was from **March 4, 2006 to March 24, 2006**. The statue of limitation exhausted on the summons on **March 24, 2006**.

.

(4)

The Plaintiff per the Court's request advised the Plaintiff to file and submit an Affidavit of Service in support of Default in support of such motion request to enter Default against the Defendant. Such was filed and entered according to the Court's instructions.

(5)

That more than fifteen (15) days have elapsed since the default and no Response or Answer still has been filed or court cost been paid into Court.

(6)

The Defendant did acknowledge proper service and did submit an Answer or Response acknowledge receipt of the summons and complaint upon the Plaintiff only in which the Plaintiff did serve a copy of such communication to the court validating proper service upon the Defendant. **(See Attached letter dated March 10 and envelope postmarked March 13, 2006, six days after receiving summons and complaint served by person or persons over the age of 18 years old validating proper service in accordance with Rule 4 and a violation of Rule 5)**

(7)

The case remains in default until January 25, 2007 as being told by the Office of the Clerk, filing Clerk and should still be in default as of the date of this Affidavit is served upon the Court and the Court of Appeals. Why the case was removed out of default is unknown at this time.

(8)

This case should only be dismissed if upon the approval by the Office of Personnel in case number 1:06-cv-0008 and if such Federal Agency will agree and accept the full responsibility of the Defendant's faults and negligence causing such Federal Agency to print libel, slander, defamation and negligence information to mislead others about the Plaintiff or Claimant's character.

(9)

This action is not one ex delicto and does not involve any un-liquidated damages.

(10)

The damages sought are base on punitive damages for false information during a certified ordered investigation which is a serious violation of 111 ALR, Fed. 295 and 18 U.S.C.A. § 1001 in which the Defendant has proven by failure to appear to defend such lawsuit filed in the United States District Court for the District of Columbia.

(11)

The request for an award of attorney's fees is made pursuant to the provision of the contract between Plaintiff and Defendant, and such contract exists if this case should go before a jury trial.

(12)

Plaintiff has provided the Defendant or the Court with the 30 days notice regarding principle, attorney fees and court cost as required by FTCA, 28 U.S.C. 2672, 28 U.S.C. 2072, 2073, 5 U.S.C. 552 (a) (4) (E), and 28 U.S.C. 2412 (a) all which show and reveal that someone has to take responsibility for this debt or activities imposed upon the Plaintiff.

(13)

The Court denied the Plaintiff's motion for motion for default or summary judgment by default after seeing and discovering the Plaintiff's truth to the Plaintiff's complaint and facts against the Defendant in case the Defendant showed up and requested an appeal. Such facts or evidence was served upon the Defendant as per Court's instructions and rules under the Federal Rules of Civil Procedures upon serving the Defendant and the Court and the Defendant serving the Plaintiff and serving the Court the same. On May 12, 2006 [5] The Court and others too witnessed and validated the Plaintiff's service of Exhibits upon the Defendant validated information given to federal agents and investigators as fraud and ongoing fraudulent activities and the Defendant still failed to surrender an opposition, objection or rebuttal against the facts which too should constitute a valid notice of default served on the Defendant. After still not receiving an answer or response to the summons or complaint and Exhibits served upon the Defendant the Plaintiff moved for default on May 25, 2006 (sixty days) after the summons had exhausted itself by submitting a valid affidavit for default and the Office of the Clerk accepted such entry or filing on May 30, 2006. **[DEFAULT]**

(14)

By the Attached Affidavit you will see that the Defendant was served by such communication to the Plaintiff but not filing such response to the Court which is a true indication for failing to honor and obey the Court's instructions after being professionally served the summons and complaint who is over the age of 18 years old validating proper service and conflicting such order quashing service on the Defendant as improper under Rule 4(c) (2) of the Federal Rules of Civil Procedures.

(15)

The oral argument should be what constitution proper service and who or what type of service is more prestige over the other or should hold presence over one over the other in the eye site of a jury. If the Plaintiff would not have mailed the copy of the summons and complaint as required by the Federal Rules of Civil Procedures where or what stage would the Defendants be in these proceeding? This will be argued before a jury and at the appeal level if possible.

(16)

The Defendant is not apart of or is not associated with the military in accordance with Rule 55 (b) (1).

(17)

The amount sought in the Complaint is **$250,000.00** is true and correct and was not tagged as frivolous upon filing this complaint in the Court.

(18)

The total court cost for this service as of today is **$250.00** in receipts.

(19)

This case is fully briefed and ready for trial or default judgment in favor of the Plaintiff due to no response or abandonment of Due Process of Law.

(20)

The Plaintiff is unable to determine whether or not the Defendants have made any further communication with the Court in an attempt to settle or resolve this debt or not.

(21)

Plaintiff enters final and last motion request to enter discovery to show proper service and other facts to seal the case and to counterattack any claims.

This the _____*19TH*_____ day of _____*NOVEMBER*_____, 2007

SAM L. CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601
866-409-7758

O.B. BRYANT
4362 STONE GATE
EAST POINT, GA 30344

I or we Declares under the penalty of perjury that the statement made in this Affidavit are true and correct to the best of my knowledge.

Before me this _____ day

Of _____, 2007



STATE OF MISSISSIPPI
COUNTY OF LINCOLN
    PERSONALLY appeared before me, the undersigned authority at law in and for the jurisdiction aforesaid, Sam L Clemmons, having been by me first duly sworn, stated on her/his oath that the matters and things stated in the above and foregoing Document are true and correct as therein stated.
    SWORN TO AND SUBSCRIBED BEFORE ME,
on this the 19TH day of Nov, 20 07.
                    Tillmon Bishop, Chancery Clerk
                                        Notary Public
My Commission Expires: 12-31-07  By: _____ D.C.

Respectfully submitted,

This the _____ day of _____, 2007

_____
C/o Sam L. Clemmons
Plaintiff, *Pro Se*
548 Saint Charles Place
Brookhaven, MS 39601
866-409-7758

_____ I declare under a penalty of perjury that all the statements stated above and evidence submitted, as affidavit is legally correct.

_____ X
O.B. BRYANT
4362 STONE GATE
EAST POINT, GA 30344
Sworn to and subscribed
Before me this _____ day
Of _____, 2007

_____
Notary Public

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SAM L. CLEMMONS )   **CIVIL ACTION NO:**
   Plaintiff )
    )
vs. )
    )   **1:06CV00123**
TONYA R. POWELL, et al )
   Defendants )
    )
    )
    )
    )
_____ )

## JUDGMENT

This action having become in default on **March 24, 2006** respectively by the failure of the Defendant to file their Answer or Response or other defensive pleading, and fifteen (15) days having elapsed from the dates of default and the default not having been opened as a matter of right it is hereby

ORDERED that the Plaintiff's Motion Request to Enter Discovery, Affidavits and others showing proper service upon the Defendant and such reveal such service was proper that Default Judgment be entered for the Plaintiff and against Defendants in the principle amount of $250,000.00, attorney fees has been waived, interests are now accruing since **November 29, 2007** and court cost in the amount of $250.00.

This the _____ day of _____, _____

_____
United States District Court or Court of Appeals Judge

Prepared and presented by:

_____
CLEMMONS' ESTATE
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601
866-409-7758

## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ➢ SAM L. CLEMMONS | ) CIVIL ACTION NO: 1:06CV0123 (RCL) |
| | ) |
| PLAINTIFFS, | ) |
| | ) TITLE: _ |
| vs. | ) |
| | ) **MOTION REQUEST TO ENTER** |
| ➢ **TONYA R. POWELL, et al** | ) **DEFAULT, DEFAULT JUDGMENT,** |
| | ) **SUMMARY JUDGMENT, OR** |
| DEFENDANTS | ) **SUMMARY JUDGMENT BY** |
| | ) **DEFAULT**_____ |
| | ) |
| | ) _____ |
| | ) |
| | ) _____ |
| | ) |
| | ) |
| _____ ) | |

**PLAINTIFF'S MOTION REQUEST TO ENTER DEFAULT, DEFAULT JUDGMENT, SUMMARY JUDGMENT OR SUMMARY JUDGMENT BY DEFAULT DUE TO THE DEFENDANT FAILED TO APPEAR AND FAILED TO COOPERATE IN THE DISCOVERY PROCESS IN ACCORDANCE WITH § 45.8 SUBPOENA FOR ATTENDANCE AT TRIAL AND § 34.1 SUBPOENA DUCES TECUM REQUEST FOR PRODUCTION, INSPECTION AND COPYING OF DOCUMENTS AND TANGIBLE THINGS**

Plaintiff Sam L. Clemmons, *pro se* comes before this court and file such papers in accordance with the Civil Rules of Civil Procedures and under the condition of a *pro se*.

The Plaintiff file this motion in accordance with the verbal and written communication of the Court advising each and every Defendant that "If such "Summons" and the other court papers were served on you by a registered process server, the Sheriff, the United States Postal Service or any who is over the age of 18 years old in according to the Federal Rules of Civil

1   Procedures constitute effective but proper service, within the Defendant's place of business or

2   residency, your "Response" or "Answer" must be filed within **TWENTY (20), THIRITY (30)**

3   **OR SIXTY (60) CALENDAR DAYS** from the date you were served, not counting the day you

4   were served.

5       In this filing before the Court the court and the clerk must honor the paragraph above and

6   review the record or docket to determine the exact date of proper service when such Defendant

7   was served in a registered process server, the Sheriff, the United States Postal Service or any

8   who is over the age of 18 years old in according to the Federal Rules of Civil Procedures. From

9   the date of service of these Court's documents the Defendant was properly served and failed to

10  enter a "Response" or "Answer" before the assigned set days in the Court's instruction which

11  should justify default and if such Defendant submitted an "Response" or "Answer" after such

12  deadline date set the Defendant too failed to produce anything in accordance with § 45.8

13  Subpoena For Attendance At Trial and § 34.1 Subpoena Duces Tecum Request for Production,

14  Inspection and Copying of Documents and Tangible Things to justify why this case should be

15  dismissed.

16      When one failed to cooperate it slows down and delay the process for a true or fair rules

17  in accordance with the Due Process of Law and any filing or motion requested by the Defendant

18  or Defendant's Counsel in filing a dispositive motion for dismissal without any justification,

19  facts, substantial evidence displaying and giving good reason or reasoning why such case should

20  be dismissed is without merit and such dismissal should not be granted due to multiple failures

21  now verified by the Plaintiff.

22      The Plaintiff now moves to enter such Motion Request to Enter Discovery after Default

23  has been entered and accepted by the Court and the Office of The Clerk.

24      **The Plaintiff now moves to enter such Motion Request to Enter Discovery after**

25  **Default has been entered and accepted by the Court and the Office of The Clerk and file**

Clemmons. vs. Powell. Case # 1:06-0123 (RCL)

this Motion Request for Summary Judgment or Summary Judgment by Default in accordance with the Federal Rules of Civil Procedures, Rule 56 for requesting such motion for Default, Default Judgment, Summary Judgment or Summary Judgment by Default.

In accordance with the Federal Rules of Civil Procedures, Rule 56 it so supposedly claimed that if the Plaintiff is representing himself as a *pro se* the Plaintiff can file such motion request for Default, Default Judgment, Summary Judgment or Summary Judgment by default after filing such motion request for default. In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pain to advise a *pro se* plaintiff of the non consequences of failing to respond to a dispositive motion as of this date of filing this motion the Defendant or Defendant's Counsel has not file a motion for summary judgment. The Plaintiff has responded to such dispositive motion if any were filed by each and every Defendant. The Plaintiff has included such notice which included an explanation that the Defendants failed to respond or enter an answer in a timely manner...Therefore the court in which house such motion should consider dismissing the case." *Id.* At 509 In this case before the Court the Court cannot consider dismissing the case due to the facts that the Defendant is in a failure to appear status.

Subsequently, in *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigant that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id.* At 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

It's too states under Rule 56 (e) of the Federal Rules of Civil Procedures:

Supporting and opposing affidavit shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the

1   affiant is competent to testify as to the matter stated therein. Sworn or certified copies of all

2   papers or part thereof referred to in an affidavit shall be attached thereto or served

3   therewith. The court may permit affidavits to be supplemented or opposed by depositions,

4   answers to interrogatories, or further affidavit. When a motion for summary judgment is

5   made and supported as provided in this rule, an adverse party may not rest upon the mere

6   allegations or denials of the adverse party pleadings, but the adverse party's response, by

7   affidavit or as otherwise provided in this rule, must set forth specific facts showing that

8   there is a genuine issue for trial. If the adverse party does not so respond, summary

9   judgment or summary judgment by default is appropriate, and shall be completely entered

10  against the adverse party.

11        Thus in according with the Fed. R. Civ. P. 56 (e) Federal Civil Rules of Civil

12  Procedures, the Defendant is now adverse to a motion for summary judgment or summary

13  judgment by default and it is now the Defendant who must rebut the moving party's

14  affidavit with other affidavit or sworn statements; simple allegations that the moving

15  party's affidavits are incorrect and not sufficient. For these purposes, a verified complaint

16  shall serve as an affidavit stating and stressing that the Defendant (s) was never served the

17  summons and complaint and that such service upon them was not by a certified sworn law

18  enforcement officer, a certified legal processor, the United States Postal Service or legal

19  publication.

20        If one of the four was not served upon the Defendant (s) the Defendant (s) must state

21  and prove and state the United States Postal Service did not prefect service upon him or

22  her or such was not listed in the local publication. The United States Postal Service can be

23  utilized as a legal process service. Therefore, the Defendant must prove that such summons

24  and complaint was never served properly and no public notification was ever entered.

25

        If the Defendant was served properly and failed to appear avoiding prosecution the Defendant (s) must prove that such Defendant (s) is an infant or an incompetent individual by and through means of a licensed physician. This should be proven in order to prove and justify why such case should be dismissed without any substantial facts to justify why such motion request to dismiss should be honored.

        No motion to dismiss should not be honored in cases where the Plaintiff or the Defendant can prove in any court of law where the Plaintiff or Defendant is found in contempt in one or two different courts in failing to honor and respect a certified subpoena or summons served upon them to report, response and answer to a court proceeding such as this one in a timely manner.

        Filing any unnecessary motion requesting for dismissal claiming lack of jurisdiction should too not be honored. The Plaintiff is not a resident of the State of Arizona, State of Louisiana, State of the District of Columbia nor is the Plaintiff a resident of the State of Georgia. Neither state mentioned has any jurisdiction rights to the Plaintiff and the District of Columbia does not have exclusive right to either the Plaintiff or the Defendant, but a request for change of venue in which the Plaintiff is entitled to request making such proceeding to be natural to all and equal balance throughout so that such can be heard before a jury outside the jurisdiction in which such crime occurred.

        Therefore, as long as the Plaintiff has validated such complaint or claim, venue in the District of Columbia should remain in the District of Columbia. Therefore, such venue is acceptable which make such venue once again natural and on even tuff in accordance to the equal rights, justice and protection in accordance to the law.

                                Respectfully submitted,

                                Sam L. Clemmons
                                548 Saint Charles PL
                                Brookhaven, MS 39601
                                Phone: 866-409-7758

**IN THE UNITED STATES DISTRICT COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SAM L. CLEMMONS | ) | **CIVIL ACTION NO:** |
| Plaintiff | ) | |
| vs. | ) | **1:06CV00123(RCL)** |
| | ) | |
| TONYA R. POWELL | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| _____ | ) | |

## AFFIDAVIT TO SUPPORT APPEAL

Personally appeared Sam L. Clemmons and O.B. Bryant for Clemmons' Estate, who after being duly sworn before the undersigned officer duly authorized to administrate oaths, states the following:

(1)

I am the attorney of record for the Plaintiff and O.B. Bryant is the official server for the Plaintiff who is over the age requirement for perfecting service according to the Federal Rules of Civil Procedures which is 18 years old.

(2)

The Defendant, Tonya R. Powell, was served on March 4, 2006 by notorious service at his/her residence address of 1324 N. 28th Street, Milwaukee, WI 53208, 440 E. Chickasaw Street, Brookhaven, MS 39601, and 4030 N. 34th Street, Milwaukee, WI 53216.

(3)

The Defendant, Tonya R. Powell, became in default on **March 24, 2006** by virtue of filing no Answer making such Defendant impossible to prosecute.

(4)

The Plaintiff per the Court's request advised the Plaintiff to file and submit an Affidavit of Service in support of Default in support of such motion request to enter Default against the Defendant. Such was filed and entered according to the Court's instructions.

(5)

That more than fifteen (15) days have elapsed since the default and no Answer still has been filed or court cost been paid into Court.

(6)

The case remains in default until January 25, 2007 as being told by the Office of the Clerk, filing Clerk and should still be in default as of the date of this Affidavit is served upon the Court and the Court of Appeal. Why the case was removed out of default is unknown at this time.

(7)

This case should only be dismissed if upon the approval by the Office of Personnel in case number 1:06-cv-0008 and if such Federal Agency will agree and accept the full responsibility of the Defendant's faults and negligence causing such Federal Agency to print libel but negligence information to mislead others about the Plaintiff or Claimant.

(8)

This action is not one ex delicto and does not involve any un-liquidated damages.

(9)

The damages sought are base on punitive damages for false information during a certified ordered investigation in which the Defendant has proven by failure to appear to defend such lawsuit.

(10)

The request for an award of attorney's fees is made pursuant to the provision of the contract between Plaintiff and Defendant, and such contract exists.

(11)

Plaintiff has provided the Defendant or the Court with the 30 days notice regarding principle, attorney fees and court cost as required by FTCA, 28 U.S.C. 2672, 28 U.S.C. 2072, 2073, 5 U.S.C. 552 (a)(4)(E), and 28 U.S.C. 2412 (a) all which show and reveal that someone has to take responsibility for this debt or activities imposed upon the Plaintiff.

(12)

The Court denied the Plaintiff's motion for summary judgment after seeing and discovering the Plaintiff's truth to his complaint and facts against the Defendant in case the Defendant showed up and requested an appeal. Such facts or evidence was served upon the Defendant as per Court's instructions and rules under the Federal Rules of Civil Procedures upon serving the Defendant and the Court and the Defendant serving the Plaintiff and serving the Court the same.

(13)

By the Attached Affidavit you will see that the Defendant was served by such communication to the Plaintiff but not filing such response to the Court which is a true indication for failing to honor and obey the Court's instructions after being professionally served the summons and subpoena by someone from the government sector who is over the age of 18 years old validating proper service and conflicting such order quashing service on the Defendant as improper under Rule 4(c) (2) of the Federal Rules of Civil Procedures.

(14)

The amount sought in the Complaint is true and correct and was not tagged as frivolous upon filing this complaint in the Court.

(15)

This case is fully briefed and ready for trial or default judgment in favor of the Plaintiff due to no response or abandonment of Due Process of Law.

(16)

Plaintiff enters final and last motion request to enter discover to show proper service and other facts to seal the case and to counterattack judge claim.

This the ___*10TH*___ day of ___*JULY*___, 2007
       *14TH*              *NOVEMBER*    , *2007*

CLEMMONS' ESTATE
C/o SAM L. CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601
866-409-7758

O.B. BRYANT
4362 STONE GATE
EAST POINT, GA 30344

I or (we) Declares under the penalty of perjury that the statement made in this Affidavit are true and correct to the best of my knowledge.

Before me this ___*10TH*___ day

Of ___*JULY*___, 2007

STATE OF MISSISSIPPI
COUNTY OF LINCOLN
PERSONALLY appeared before me, the undersigned authority at law in and for the jurisdiction aforesaid, **Sam L. Clemmons** who, having been by me first duly sworn, stated on her/his oath that the matters and things stated in the above and foregoing Document are true and correct as therein stated.
SWORN TO AND SUBSCRIBED BEFORE ME,
on this the *14th* day of _____*Nov*_____, 20 *07*.
*Tillmon Bishop*, Chancery Clerk
                    Notary Public
My Commission Expires: 12-31-*07*  By: _____ D.C.

CLOSED, JURY, PROSE-NP, TYPE-I

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:06-cv-00123-RCL
# Internal Use Only

CLEMMONS v. POWELL

Assigned to: Judge Royce C. Lamberth

Cause: 05:552 Right to Privacy Act

Date Filed: 01/23/2006

Date Terminated: 02/01/2007

Jury Demand: Plaintiff

Nature of Suit: 890 Other Statutory Actions

Jurisdiction: Federal Question

**Plaintiff**

**SAM L. CLEMMONS**                represented by    **SAM L. CLEMMONS**
548 Saint Charles Place
Brookhaven, MS 39601
(866) 409-7758
PRO SE

V.

**Defendant**

**TONYA R. POWELL**

| Date Filed | # | Docket Text |
|------------|------|-------------|
| 01/23/2006 | ❶1 | COMPLAINT against TONYA R. POWELL (Filing fee $ 250) filed by SAM L. CLEMMONS.(tg, ) (Entered: 01/25/2006) |
| 01/23/2006 | ❷2 | NOTICE OF RELATED CASE by SAM L. CLEMMONS. Case related to Case No. 05-2353, 06-8, 06-115. (tg, ) (Entered: 01/25/2006) |

| 01/23/2006 | ● | Summons (1) Issued as to TONYA R. POWELL. (tg, ) (Entered: 01/25/2006) |
| 04/11/2006 | ●3 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. TONYA R. POWELL served on 3/4/2006, answer due 3/24/2006 (tg, ) (Entered: 04/12/2006) |
| 04/11/2006 | ●4 | ERRATA by SAM L. CLEMMONS. (tg, ) (Entered: 04/12/2006) |
| 05/12/2006 | ●5 | MOTION for Summary Judgment by SAM L. CLEMMONS. (Attachments: # 1 Exhibit 1 (part 1)# 2 Exhibit 1 (part 2)# 3 Exhibit 1 (part 3)# 4 Exhibit 1 (part 4)# 5 Exhibit 2 (part 1)# 6 Exhibit 2 (part 2)# 7 Exhibit 2 (part 3)# 8 Exhibit 3 (part 1)# 9 Exhibit 3 (part 2)# 10 Exhibit 3 (part 3)# 11 Exhibit 4)(tg, ) (Entered: 05/15/2006) |
| 05/25/2006 | ●6 | AFFIDAVIT FOR DEFAULT by SAM L. CLEMMONS. (tg, ) (Entered: 05/30/2006) |
| 05/30/2006 | ●7 | VACATING pursuant to Order entered 1/25/07.....Clerk's ENTRY OF DEFAULT as to TONYA R. POWELL (tg, ) Modified on 1/25/2007 (rje, ). (Entered: 05/30/2006) |
| 01/25/2007 | ●8 | ORDER QUASHING Service on the defendant as improper under Rule 4(c)(2) of the Federal Rules of Civil Procedure; VACATING Clerk's Entry of Default 7; and DENYING WITHOUT PREJUDICE Plaintiff's Motion for Summary Judgment 5. Signed by Judge Royce C. Lamberth on 1/25/07. (lcrcl2, ) (Entered: 01/25/2007) |
| 02/01/2007 | | (Court only) ***Civil Case Terminated. (rje) (Entered: 02/01/2007) |
| 05/16/2007 | ●9 | MOTION for Leave to File Appeal Out of Time by SAM L. CLEMMONS (Attachments: # 1 Notice of Appeal)(tg, ) (Entered: 05/17/2007) |

Tonya Powell
1324 N. 24th St
Milw WI 53208

Samuel L Clemmon)
c/o Michael Maroy
548 SAINT CHARLES PL NE
BROOKHAVEN MS 39601

co

you

Also pl.

postmark

legal docu

in Criminal

that she will b.

on!!!!

Tonya Powell

I pursuant to the Court laws and laws under the Civil Rules and Procedures and the 28 U.S.C. Sec. 1746, I declare under penalty of perjury, under the laws of the United States, that all the evidence, statements and submissions before this court and submitted into the record under the Plaintiff's Motion Request to Enter Discovery, Admission, Interrogatories, Subpoena Duce Tecum requests and any of the foregoing sworn statements made by me or any witness is true, accurate and correct. I agree for such complaint, summons and statements to be placed into the record as an Exhibit that will serve as evidence in case if this case should go before a jury trial. I signed these statements a certified legal notary witnessing me signing to make any but all statements as truthful, legal and binding under oath and making all submissions and any others statements, responses or submissions are sworn Affidavit under oath this date forth for the record. The Court can now verify such signing of documents is the same as pervious before without going before a notary again. In return upon the Defendants answering to such summons and complaint, etc. the Defendants should enter such statements under a sworn statement before a notary.

Respectfully submitted,

Sam L. Clemmons
Plaintiff, *Pro Se*

Notary Signature

3/26/07

Notary Date and Seal

**Attachments:**
Copies of Subpoena Served in a Civil Case Request
Four Proposed Orders

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAM L. CLEMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06-0123 (RCL) |
| | ) | |
| TONYA R. POWELL, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Plaintiff shall, no later than November 29, 2007, show cause why this case should not be dismissed for failure to prosecute. Plaintiff shall document all steps taken to comply with this Court's Order of July 10, 2007.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, November 7, 2007.

Tony Russell
1324 N. 24th St
Milw WI 53205

MILWAUKEE WI 532
13 MAR 2006 PM 4 T

3980173175

Samuel L (Lemons)
c/o Michael Hardin
548 Saint Charles Pl NE
Brookhaven MS 34601



March 10, 2006

You Foolish Man,

I would be more than happy to accommodate seeing you in court.   My children, whom you claim should know the whole truth, will have a ringside seat.  Your destruction will come by your own hand.  After they throw your case out, I will use the same document, you so generously sent to others,  as a publicized defamation of character suit against YOU.  I will be asking for double the amount of damages.  Then since we are already in court, I will request a referral to family court to discuss those so called support payments you claim to be making.

Also please make sure that my summons comes from Washington DC and not postmarked from Atlanta GA.  It kind of ruins the effect.  By the way falsifying, editing legal documents is a federal offense…. You should know, after all you do have a degree in Criminal Justice…. One more thing, you may want to contact Gloria to let her know that she will be among the people that will receive a subpoena.   Grow up and move on!!!!

*Tonya Powell*

Tonya Powell

NOTARY PUBLIC
BASHARDETTE TAYLOR
STATE OF WISCONSIN